[Cite as *Monus v. Day*, 2011-Ohio-6219.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT MONUS, POLAND TOWNSHIP ZONING INSPECTOR, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO. 10 MA 70 |
| VS. | ) ) | OPINION |
| LEO C. DAY, ET AL., | ) ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 07CV1985

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                              Prosecutor
                              Attorney Karen Markulin Gaglione
                              Attorney Dawn M. Durkin
                              Assistant Prosecutors
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio 44503

For Defendant-Appellant       Leo Day, pro-se
                              4301 Dobbins Road
                              Poland, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated: December 2, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Leo Day, Jr., appeals from a Mahoning County Common Pleas Court judgment denying his Civ.R. 60(B) motion for relief from judgment.

{¶2} Plaintiff-appellee, Robert Monus, is the Poland Township Zoning Inspector.

{¶3} This court recently decided the companion case of *Monus v. Day*, 7th Dist. No. 10-MA-35, 2011-Ohio-3170. Therein, we set out the facts:

{¶4} "Day owns real property located at 4301 Dobbins Road in Poland Township. There is a long history of zoning-related litigation regarding this property. In 1947, Day's grandfather, Ilie Day, started a truck hauling business on the property. In 1949, Poland Township passed a zoning ordinance classifying the property as agricultural for zoning purposes. This classification prohibited usage of the property for the truck hauling business and related activities.

{¶5} "Thereafter, a dispute arose between Poland Township and Ilie Day's widow, Bertha Day and her son, Leo Day, Sr., (Day's father), regarding usage of the property. In 1978, Bertha Day and Leo Day, Sr. filed a declaratory judgment action in the Mahoning County Court of Common Pleas, seeking a restraining order against Poland Township (Case No. 78-CV-1876). The Days sought a determination of their right to continue the truck hauling business as a [non]conforming use despite the passage of Poland Township's zoning ordinance. At that time, the business had grown to include the operation of five tractor-trailer trucks and two dump trucks.

{¶6} "The trial court granted the Days a permanent injunction for a truck hauling business. In its order, the court stated, in pertinent part:

{¶7} "'The evidence is clear to this Court * * * that although there have been at times trucks stored upon the property and on other occasions some loaded trucks were on the property, these were temporarily there and were connected to the hauling business. The general character of the business has not changed.

{¶8} "'It is, also, clear to this Court that although there has been an increase in the traffic on and off the Day property, that this has resulted from an increase in the

volume of business rather than an increase in the character and nature of the business.

**{¶9}** "'The Court finds from the evidence that the Plaintiffs [Days] have a valid and existing nonconforming use of the property in question; that the character and nature of the business of the Days has not changed; that there has been no change in the property by way of expansion or by any other means which would destroy the existing right.' (1978 Injunction, Case No. 78-CV-1876.)

**{¶10}** "The trial court's decision to grant the permanent injunction was affirmed by this court on appeal. *Day v. Poland Twp. Trustees* (Sept. 15, 1983), 7th Dist. No. 82 C.A. 76.

**{¶11}** "In 1991, cement trucks and cement making supplies began to appear on the property, which Poland Township viewed as an unlawful extension of the nonconforming use of the property. Poland Township's zoning inspector issued a minor misdemeanor citation to Leo Day, Sr., in Struthers Municipal Court, for violating the zoning laws based on the alleged operation of a cement mixing business on the property. Ultimately, the trial court found Day Sr. not guilty based upon his legal argument that Poland Township's zoning laws at that time did not contain language restricting the extension of pre-existing nonconforming uses as required by R.C. 519.19. However, the court opined 'that the present use of the cement trucks on the premises of plaintiff could be prohibited by the Township of Poland if their zoning ordinance was crafted properly so as to prohibit such an extension of a nonconforming use.' Poland Township later amended its zoning laws, adding this language indicated by R.C. 519.19.

**{¶12}** "* * *

**{¶13}** "On June 4, 2007, the Zoning Inspector commenced the instant suit in the Mahoning County Court of Common Pleas for a preliminary and permanent injunction against Day and his mother Bertha, pursuant to R.C. 519.24. The Zoning Inspector sought to enjoin Day from using his property in violation of the Zoning Resolution, which would include: 'the removal of tires, batteries, construction debris

and equipment, and other miscellaneous debris on the Property; that the vehicles and trailers on the Property without current registrations either be updated, removed or properly stored; and for such other relief the Plaintiff may be entitled to by law.' Upon joint motion of the parties, the trial court ordered that the preliminary and permanent injunction hearings be heard at the same time.

{¶14} "On September 5, 2007, Day filed, through counsel, an answer and counterclaim for declaratory judgment and injunctive relief. Therein, Day challenged the constitutionality of the Poland Township Zoning Resolution, and of the Township's actions with regard to his property. He sought a declaration that the items on his property are incidental to his pre-existing non-conforming [sic] use. He also sought a permanent injunction preventing the Township from enforcing the Zoning Resolution with respect to his property. However, Day failed to join Poland Township as a party.

{¶15} "On November 21, 2007, Day filed a separate pro-se action in the Mahoning County Court of Common Pleas: Leo C. Day, Jr. v. Poland Township, Ohio, Case No. 07 CV 4404. Therein, Day sought, inter alia, (1) a declaration that Poland Township violated the 1978 Injunction by commencing the criminal proceedings in the Struthers Municipal Court; (2) an order that Poland Township dismiss the criminal proceedings; and (3) an order that Poland Township take no further actions pursuant to the Zoning Resolution to disrupt his use of the property.

{¶16} "Day's counsel in the Zoning Inspector's case filed a motion to withdraw from representation on November 30, 2007, which was granted by the trial court on December 5, 2007, and from then on Day proceeded pro-se.

{¶17} "Upon motion of the Zoning Inspector, Day's pro-se civil action was consolidated into the present case as the Magistrate's Order concluded 'there is sufficient commonality of issues and that judicial economy will be served by consolidation of the cases.' Day did not file a motion to set aside this Order.

{¶18} "Day filed a motion to dismiss the Zoning Inspector's case, asserting that the trial court lacked subject matter jurisdiction to proceed, which the magistrate

denied. Day failed to file a motion to set aside this order. Instead, Day filed a petition for writ of prohibition to prevent the trial court from taking further action in the consolidated cases, because of a lack of subject matter jurisdiction, which the Ohio Supreme Court denied. (Ohio Supreme Court Case No. 2008-1550.)

{¶19} "Once reinstituted in the trial court, there was a discovery dispute in the consolidated cases. In response to a request for production of documents and a subsequent motion to compel and supplemental motion to show cause by Poland Township, Day filed a motion for protective order, which was opposed by the Township. The trial court denied Day's motion for protective order and ordered an in camera review.

{¶20} "With regard to the Zoning Inspector's case, a trial was held before the magistrate. Prior to trial, upon motion of the Zoning Inspector, which was opposed by Day, the magistrate viewed the premises. At the start of the hearing, Day moved to dismiss the Zoning Inspector's complaint, which was denied. The Zoning Inspector moved to dismiss Day's counterclaims because Poland Township had not been named as a party. This motion was granted from the bench.

{¶21} "The Zoning Inspector testified extensively about the condition of the property and numerous photographs were admitted. In sum, the Zoning Inspector testified: '[The] [c]ondition today [of the property] is that there's still dismantled vehicles, vehicles with no engines in place, there's no license on vehicles. The semi truck trailers are now used as accessory storage trucks for some of the items that are left out in the open. Some construction material and vehicle parts [are] spewed about the property.'

{¶22} "Day then testified. He admitted that at that time there were approximately 15 or 16 vehicles located on the property, along with cement drums and metal barrels. He admitted there are two storage trailers on the property which had been there for a long time. He admitted there were three tractors on the property. He admitted there were two unlicensed and inoperable Mack trucks; and one unregistered and inoperable Ford, all of which had been on the property for over

ten years. He conceded that there were one 'lowboy' and one 'tag-along,' on the property, neither of which had current plates. He testified that there was a rubber tire loader, a Caterpillar loader, a Case excavator and a Donelli rubber tire excavator on the property, that the Case excavator was never operational and that the Donelli had not been used since the previous year. Day admitted there was a 1989 GMC van on the property without current plates, which had not been off the property since 2004. He admitted there was a 1976 Oldsmobile Cutlass on the property which was unlicensed and had not been run for about 20 years. Finally, he admitted there were some metal barrels with chemicals or concrete on the property that had not been used since 2006.

**{¶23}** "In sum, Day did not dispute the factual assertions made by the Zoning Inspector. Rather, Day put forth the legal argument that the 1978 Injunction prohibits the Zoning Inspector from enforcing the Zoning Resolution. He further claimed that the 'items to which the Poland Township zoning inspector is attempting to enforce are items incident to a pre-vested valid nonconforming use.'

**{¶24}** "After considering the evidence, the magistrate ruled in favor of the Zoning Inspector in his case, and did not address Day's pro-se complaint. Day filed timely objections, which were opposed by the Zoning Inspector.

**{¶25}** "The trial court issued a judgment entry overruling Day's objections and issuing a permanent injunction in favor of the Zoning Inspector. The trial court found that based on Day's uncontroverted testimony, he continued to store abandoned, wrecked and dismantled automobiles, etc., in violation of Poland Township Zoning Resolution Article 7, Section 7.21. The court further found that '[Day's] nonconforming use concerning the truck business does not include the storing of abandoned vehicles [etc.] nor does it excuse [Day] from complying with Poland Township Zoning Resolution Article 7, Section 7.21.' Finally, the court found by clear and convincing evidence that Day was in violation of the Zoning Resolution and that the Zoning Inspector was therefore entitled to an injunction.

{¶26} "The trial court issued a permanent injunction enjoining Day from using his property in violation of the Poland Township Zoning Resolution Article 7, Section 7.21, including ordering: 'the removal of abandoned, wrecked, and dismantled automobiles, trucks, tractors, trailers, operating equipment, and other miscellaneous material, construction debris and equipment on the Property and that the vehicles and trailers on the Property without current registrations either be updated, removed or properly stored.' The court gave Day 30 Days to clean up his property and bring it into compliance with the Zoning Resolution. In addition, the trial court dismissed Day's counterclaim for failure to name Poland Township as a party pursuant to R.C. 2721.12.

{¶27} "The trial court did not address Day's separate pro-se complaint for an injunction which had been consolidated with the Zoning Inspector's case, and included the Civ.R. 54(B) 'no just cause for delay' language.

{¶28} "Day first filed a Civ.R. 60(B) motion for relief from judgment and then a timely notice of appeal. On a limited remand from this Court, the trial court overruled Day's Civ.R. 60(B) motion." Id. at ¶¶3-10, 15-30.

{¶29} Day now appeals the denial of his Civ.R. 60(B) motion. This court affirmed the trial court's decision issuing the permanent injunction and dismissing Day's counterclaim. *Day*, 7th Dist. No. 10-MA-35.

{¶30} Day, acting pro se, raises three assignments of error, the first of which states:

{¶31} "WHETHER THE TRIAL COURT FAILED TO STATE WITH PARTICULARITY THE CASE LAW AND STATUTORY LAW FOR WHICH IT BASED ITS DECISION DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT."

{¶32} Day argues that the trial court erred by failing to set forth the facts, case law, and statutes upon which it relied in its judgment entry denying his motion for relief from judgment. He asserts that he has been prejudiced on appeal because he does not know the basis of the trial court's decision.

**{¶33}** As the zoning inspector points out, there is no requirement in the Civil Rules or in case law that requires a trial court, in ruling on a Civ.R. 60(B) motion, to set forth the facts, case law, or statutes upon which it relied in reaching its decision.

**{¶34}** Pursuant to Civ.R. 52, a party may request findings of fact and conclusions of law from the trial court:

**{¶35}** "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

**{¶36}** "* * *

**{¶37}** "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

**{¶38}** But Day never made this request with the trial court.

**{¶39}** Furthermore, even if Day had requested findings of fact and conclusions of law, this court has held "it is established case law that findings and conclusions are not required in ruling on 60(B) motions." *Buoscio v. Krichbaum* (Mar. 24, 2000), 7th Dist. No. 99-CA-318. That is because the determination of such motion does not depend on the court "trying" facts as that term is understood in the ordinary sense of a trial without a jury. Id.

**{¶40}** Thus, it was not error for the court to deny Day's Civ.R. 60(B) motion without including findings of fact and conclusions of law. Accordingly, Day's first assignment of error is without merit.

**{¶41}** Day's second assignment of error states:

**{¶42}** "WHETHER THE JUDGMENT ENTERED INTO [IN] THIS CASE IS UNCONSCIONABLE SO THAT IT MUST BE SET ASIDE."

{¶43} Here Day argues that the trial court should have reached the same conclusion as in *Day v. Poland Twp. Trustees* (Sept. 15, 1983), 7th Dist. No. 82 C.A. 76 (*Day 1*), where this court affirmed a permanent injunction enjoining Poland Township from applying a zoning ordinance to the nonconforming use of Day's property. Day asserts that the trial court should have applied the doctrines of res judicata and law of the case to determine that it could not reach a different conclusion than that reached in *Day 1*.

{¶44} The doctrine of res judicata consists of two related concepts-claim preclusion and issue preclusion. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. Claim preclusion holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395. Issue preclusion holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Id.

{¶45} In *Day 1*, Leo Day, Sr., and Bertha Day asked for a declaratory judgment and sought a restraining order against Poland Township for a determination of their rights to a nonconforming use of their property. The court found that the Days' predecessor established a trucking business on their property before the enactment of a Poland zoning ordinance. Consequently, the trial court enjoined Poland from applying the zoning ordinance to the Days' nonconforming use of using the property for a trucking business. On appeal, this court affirmed the trial court's judgment.

{¶46} In this case, however, the zoning inspector requested an injunction to enjoin Day from storing on the property abandoned, wrecked, and dismantled

automobiles, trucks, tractors, trailers, operating equipment, and construction debris in violation of Article 7, Section 7.21 of the Poland Township Zoning Resolution.

**{¶47}** In *Day 1*, the transaction or occurrence that was the subject matter of the claim was the ability of the Days to operate a trucking business as a prior non-conforming use of the property. In this case, however, the transaction or occurrence that is the subject matter of the claim is Day's storage of abandoned, wrecked, and dismantled vehicles and debris on the property. Thus, claim preclusion does not apply.

**{¶48}** Likewise, issue preclusion does not apply. There is no fact or point that was actually litigated in *Day 1* that is being called into question in this case.

**{¶49}** Because neither claim nor issue preclusion applies here, the doctrine of res judicata does not apply. Thus, we must move on to consider the law-of-the-case doctrine.

**{¶50}** "Pursuant to the law-of-the-case doctrine, an inferior court must act in accordance with the ruling of a reviewing court *when conducting subsequent proceedings on the same matter.*" (Emphasis added.) *Unick v. Pro-Cision, Inc.*, 7th Dist. No. 09-MA-171, 2011-Ohio-1342, at ¶44, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3. ""[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings *in the case* at both the trial and reviewing levels." (Emphasis added.) *Nolan*, at 3.

**{¶51}** Here we are faced with a different case than *Day 1*. It arose out of similar but different facts and circumstances. It is not merely a continuation of *Day 1*, which would implicate the law-of-the-case doctrine. Consequently, this doctrine does not apply.

**{¶52}** Accordingly, Day's second assignment of error is without merit.

**{¶53}** Day's third assignment of error states:

**{¶54}** "WHETHER THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OR AUTHORITY TO RENDER A DECISION."

{¶55} Day claims here that the trial court did not have subject matter jurisdiction in this case because it disregarded the decision in *Day 1*.  He asserts that this was unlawful and rendered the trial court's judgment void.

{¶56} This court gave an explanation of subject matter jurisdiction in *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 32-33, 2010-Ohio-1537, at ¶¶15-16:

{¶57} "Subject-matter jurisdiction is defined as a court's power to hear and decide cases. * * * Subject-matter jurisdiction relates to the proper forum for an entire class of cases, not the particular facts of an individual case. * * * In the civil context, subject-matter jurisdiction is present if the action brought before a court alleges 'any cause of action cognizable by the forum.' * * *

{¶58} "Though the term 'jurisdiction' is often used in reference to a court's subject-matter jurisdiction, it is also used in reference to a court's jurisdiction over a particular case. * * * 'There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it.' * * * The term 'jurisdiction' is commonly used when a court makes an unauthorized ruling in a case that is otherwise within that court's subject-matter jurisdiction. * * * This latter use of 'jurisdiction' does not relate to subject-matter jurisdiction and would not render a judgment void ab initio. If there is any valid ground upon which a confession of judgment might be properly sought and entered in Pennsylvania, even if ' "it would be highly erroneous, even jurisdictionally wrong in the sense of inexcusable use of judicial authority" ' as applied in this case, then the Pennsylvania court's decision might be voidable as erroneous, but it would not be void for lack of subject-matter jurisdiction. * * *."  (Internal citations omitted.)

{¶59} The trial court has subject matter jurisdiction over the issuance of injunctions.  R.C. 2727.03 provides common pleas courts with jurisdiction to issue injunctions in that county.

{¶60} Day argues that the trial court did not have jurisdiction in this case because it disregarded the law as set out in *Day 1*. This argument asserts once again that the trial court either disregarded the law of the case or was barred by res judicata from ruling on this case. But, as discussed in Day's second assignment of error, neither doctrine applies here. This case involves unique issues that were not addressed in *Day 1*.

{¶61} In sum, Day has made no showing that the trial court was without subject matter jurisdiction in this case. Accordingly, Day's third assignment of error is without merit.

{¶62} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.