[Cite as *Johnson v. Geico Homesite, Inc.*, 2017-Ohio-7273.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Gregory D. Johnson

Appellant

v.

Geico Homesite, Inc.

Appellee

Court of Appeals No.  OT-17-003

Trial Court No.  2015-CV-000015

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 18, 2017

* * * * *

Gregory D. Johnson, pro se.

Colin P. Moeller, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Gregory Johnson, appeals the January 17, 2017 judgment of the

Ottawa County Court of Common Pleas denying his motions for relief from judgment

and reconsideration.[1]  For the reasons that follow, we find that the trial court's order on Johnson's motions for relief from judgment and reconsideration was a legal nullity and, therefore, we must dismiss this appeal for lack of jurisdiction.

## I.  Background

{¶ 2} This case stems from a renter's insurance claim that Johnson filed with appellee, Homesite Insurance Company of the Midwest[2] ("Homesite"), for theft-related property loss.  After an investigation, Homesite determined that Johnson had previously made claims with two other rental insurance companies for the same property at issue in the Homesite claim.  Homesite therefore denied Johnson's claim.

{¶ 3} On January 16, 2015, Johnson filed a lawsuit against Homesite seeking compensation for the property stolen from his home.  On June 2, 2016, Homesite filed a motion for summary judgment.  Johnson filed his response and a cross-motion for summary judgment on July 6, 2016.  On December 20, 2016, the trial court denied Johnson's motion for summary judgment, granted Homesite's motion for summary judgment, and dismissed the case.  On January 4, 2017, Johnson filed a "motion for

---

[1] Johnson's February 10, 2017 amended notice of appeal sought review of the trial court's December 20, 2016 decision granting Homesite's motion for summary judgment and denying Johnson's motion for summary judgment and the court's January 17 decision denying relief from judgment and reconsideration.  On March 3, 2017, we filed an entry striking as untimely Johnson's notice of appeal as to the December 20 decision.  Thus, only the January 17 decision is before us.

[2] Johnson's complaint and notice of appeal both improperly name appellee as Geico Homesite, Inc.

2.

reconsideration under Ohio Civil Rule 60-B [sic] or as court deems appropriate, relief from judgment of Rule 56 in the above stated case." Homesite filed a brief in opposition on January 17, 2017. Also on January 17, before Homesite filed its brief, the trial court summarily denied Johnson's January 4 motion. The court's judgment entry construed Johnson's January 4 filing as both a motion for reconsideration and a motion for relief from judgment.

{¶ 4} Johnson appeals the trial court's denial of his motions, setting forth six assignments of error:

1. The court failed to recognize that the plaintiff's complaint is a breach of contract complaint[.]

2. The court failed to understand that the document in question was a misplaced document and was not involved with Geico Homesite et al. [sic] policy or claim[.]

3. The court relied on pure hearsay and Appellee's setting forth that they contacted the NICB[.]

4. The court erred in citing that there was non-cooperation by Appellan [sic][.]

5. The court erred in reviewing Appellant for reconsideration to deny by not giving an opinion in a comment[.]

3.

6. The court erred when the court did not force Appellees to release exculpatory evidence, i.e., the telephone conversations[.]

## II. Law and Analysis

### A. Assignments of Error 1, 2, 3, 4, and 6

{¶ 5} Initially, we note that five of Johnson's six assignments of error are directed at the trial court's decision on the parties' motions for summary judgment. Prior to Johnson filing his brief, we found that his notice of appeal relating to the summary judgment decision was untimely and struck it from the record. We are unable, therefore, to consider any arguments related to the decision on summary judgment because that appeal is not properly before us.

### B. Assignment of Error 5

{¶ 6} In his fifth assignment of error, Johnson contends that the trial court erred by not issuing a detailed decision on his motions for reconsideration and relief from judgment. In response, Homesite first argues that a motion for reconsideration of a final judgment is a nullity and that this court does not have jurisdiction to entertain it. Alternatively, Homesite argues that the trial court did not abuse its discretion by summarily denying Johnson's Civ.R. 60(B) motion.

{¶ 7} After reviewing Johnson's January 4 motion, we believe that it is a motion for reconsideration, not a motion for relief from judgment. Ohio courts have long held that the substance of a motion prevails over its form. *Wagner v. Long*, 133 Ohio St. 41,

4.

47, 11 N.E.2d 247 (1937); *see Wysowaty v. J.C. Penney Co.*, 6th Dist. Lucas No. L-99-1288, 2000 Ohio App. LEXIS 1898, 8 (May 5, 2000).  In his motion, Johnson asks the court to reconsider its December 20 decision because, according to Johnson, the court reached the wrong outcome.  It is not a request that the court vacate its judgment for one of the reasons set forth in Civ.R. 60(B)(1)-(5).

{¶ 8} A motion for reconsideration of a trial court's final judgment is a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981).  Any order the trial court issues on a motion for reconsideration is likewise a nullity.  *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.).  And an appellate court cannot consider an appeal from a nullity.  *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 352, 609 N.E.2d 216 (6th Dist.1992).  Accordingly, we find that we cannot consider Johnson's appeal of the trial court's denial of his motion for reconsideration.

{¶ 9} We recognize that Johnson is appealing pro se.  But as a pro se litigant, Johnson is bound by the same rules and procedures as parties who are represented by counsel.  *Kenwood Gardens Assn., LLC v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 8.  The court may afford a pro se litigant some leeway by generously construing his filings, but it is "not required to craft well-articulated claims from poorly drafted arguments."  *HSBC Bank United States NA v. Beins*, 6th Dist. Lucas No. L-13-1067, 2014-Ohio-56, ¶ 6, citing *Kenwood Gardens* at ¶ 8.  In short, Johnson does not

5.

have any greater rights than a represented party and must bear the consequences of his mistakes. *Id.* at ¶ 7.

{¶ 10} Even a generous construction of Johnson's January 4 motion does not convince us that it sought relief from judgment. Under Civ.R. 60(B), the court may relieve a party from a final judgment due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

To prevail on a Civ.R. 60(B) motion the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

6.

The court will deny relief if the movant fails to satisfy any of the requirements of the *GTE* test. *Argo Plastic Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984). Additionally, the motion and any supporting documents must contain operative facts demonstrating that one of the circumstances in Civ.R. 60(B)(1)-(5) applies, the movant has a meritorious claim, and the motion is timely. *Pheils v. Palmer*, 6th Dist. Lucas Nos. L-98-1053 and L-08-1333, 2009-Ohio-6342, ¶ 38. The operative facts must be alleged with enough specificity for the court to determine whether the movant meets the *GTE* requirements. *See K. Ronald Bailey & Assocs. Co. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15.

{¶ 11} Johnson's motion does not contain operative facts that satisfy any of the requirements of the *GTE* test. Rather, he makes unsupported assertions of inconvenience in obtaining information and entitlement to a court order requiring Homesite to settle with him or proceed to trial. Nothing in the motion can be construed as Johnson seeking relief from the judgment (as opposed to reconsideration of the judgment), and we are not compelled to undertake a full analysis of a Civ.R. 60(B) claim.

{¶ 12} We also note that there is nothing obligating the trial court to issue a judgment entry containing findings of fact and conclusions of law when deciding a motion for relief from judgment under Civ.R. 60(B). *Monus v. Day*, 7th Dist. Mahoning No. 10 MA 70, 2011-Ohio-6219, ¶ 39; Civ.R. 52. Whether Johnson's January 4 motion

7.

was a motion for reconsideration—and thus a nullity—or a motion for relief from judgment, the trial court did nothing wrong in summarily denying the motion.

### III.  Conclusion

{¶ 13} In sum, none of Johnson's assignments of error present reviewable issues. Johnson's post-judgment motion in the trial court was actually a motion for reconsideration and is, therefore, a legal nullity.  The judgment entry denying that motion is also a legal nullity.  This appeal is hereby dismissed for lack of jurisdiction.  Johnson is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal Dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.            _____
                                                                JUDGE
James D. Jensen, P.J.

Christine E. Mayle, J.            _____
CONCUR.                                                       JUDGE

                                                    _____
                                                                JUDGE