[Cite as *State v. Mick*, 2017-Ohio-8922.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

        Appellee

v.

Richard C. Mick

        Defendant

[K. Ronald Bailey—Appellant]

Court of Appeals No. E-16-074

Trial Court No. 2014-CR-0196

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 8, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mark P. Smith, Assistant Prosecuting Attorney, for appellee.

Kenneth R. Bailey and Dean C. Henry, for appellant.

* * * * *

**SINGER, J.**

### Introduction

**{¶ 1}** This appeal arises from the criminal trial of Richard C. Mick, after which

retained counsel, K. Ronald Bailey ("appellant"), was held in contempt of court, fined

$250 and court costs, and sentenced to a jail term of 30 days for failing to obey direct orders of the trial court and obstructing the administration of justice. Finding no error, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRED BY PLACING DEFENSE COUNSEL ON THE HORNS OF AN ETHICAL DILEMMA.

2. THE TRIAL COURT ERRED BY CONFUSING THE PERMISSIVE WORD "MAY" WITH THE MANDATORY WORD "SHALL."

3. THE TRIAL COURT ERRED BY REFUSING TO SUBSTITUTE A LIVE APPOINTED EXPERT FOR A DEAD APPOINTED EXPERT.

4. THE TRIAL COURT ERRED BY REFUSING TO CONTINUE THE TRIAL OR DECLARING A MISTRIAL.

5. THE TRIAL COURT ERRED IN FINDING COUNSEL IN CONTEMPT FOR DOING EXACTLY WHAT THE COURT TOLD THE JURY COUNSEL HAD A RIGHT TO DO.

6. THE TRIAL COURT ERRED IN FINDING A MOTION FOR RECONSIDERATION IS ALWAYS A NULLITY.

**Background**

{¶ 3} Appellant's client, Richard Mick, was charged with two counts of gross sexual imposition against a minor under the age of 13, and rape against another minor under the age of 13. The charges were brought under case No. 2014-CR-0196, and the indictment was filed on May 14, 2014.

{¶ 4} Mick filed a motion for substitution of counsel seeking appellant's representation on October 28, 2015, and the court granted it on November 5, 2015. The court sua sponte continued the trial to January 19, 2016. At that point trial had been continued six times from the original date set, November 18, 2014. Trial was continued twice more, and eventually held on October 4, 2016. Since the January 2016 date had been set, appellant moved the court for continuance eight times.

{¶ 5} Appellant's reasons for requesting a continuance varied, but the most notable according to the court was because appellant claimed "Ohio Bike Week" would cause there to be "absolutely no parking at or anywhere near the Courthouse[.]" Other stated reasons were because he was going to be at his son's Las Vegas wedding and would have jet lag, because his client needed more time to develop a defense and secure expert testimony, because the court allegedly did not send jury questionnaires timely, and because his client was in the hospital with gout the day before trial and could not confer. Notably, appellant was denied continuances on September 27 and October 3, 2016, both within a week of trial.

3.

{¶ 6} At trial appellant expressed his concern with proceeding and refused to proceed stating he would be ineffective. The court continued the matter to allow for briefing. The next day the court ordered appellant to proceed, he refused, and as a result was found in contempt of court. The court stated it would proceed with sanctions upon the completion of trial, however, subsequently continued the sanctions matter to October 24, 2016, to allow appellant to secure counsel.

{¶ 7} The sanctions hearing was held on November 9, 2016. At the hearing the court reviewed the trial record and allowed appellant and his counsel to make statements or allocution. The court played relevant portions of the audio recording of trial, which extensively and thoroughly revealed its reasons for imposing sanctions. The November 9, 2016 judgment entry summarized the reasons as such: "[Appellant]'s conduct impeded, embarrassed and obstructed this Court in the performance of its functions, to wit: the Orderly Administration of Justice." The conduct highlighted was: "(1) [Appellant] was Ordered three (3) times to step back from the bench after a Bench Conference and he refused; [and,] (2) [Appellant] disobeyed Direct Orders to proceed to represent the Defendant."

{¶ 8} The court sentenced appellant and the judgment was journalized November 9, 2016. Appellant now appeals.

### Standard of Review

{¶ 9} A determination of contempt by a trial court is reviewed for an abuse of discretion. *See Village of Ottawa Hills v. Afjeh*, 6th Dist. Lucas No. L-10-1353,

4.

2012-Ohio-125, ¶ 28, citing *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Law and Analysis

{¶ 10} Appellant argues the trial court erred in holding him in direct contempt. In doing so, he contends he was in an ethical dilemma by being required to proceed to trial ill prepared. Yet he also asserts it was strategy to refuse to proceed because the court said it was his client's right not to participate. Appellant further wages a war on the court's use of a permissive term when a mandatory order was intended. He argues several other errors.

{¶ 11} Appellee, the state of Ohio, contends appellant unjustifiably refused to comply with direct orders of the court and was properly held in contempt for the resulting obstruction of the administration of justice.

{¶ 12} Did the court properly proceed under R.C. 2705.01, in finding appellant in direct contempt and imposing sanctions?

{¶ 13} It is initially noted some of appellant's assigned errors are better suited to be argued in his client Mick's direct appeal. In particular, whether the matter should have been continued, whether the court should have allowed additional time or funds for a new expert, and whether a motion for reconsideration is a nullity are generally issues for Mick to address as prejudicial to his position. We therefore find, even considering

5.

appellant's arguments to the extent they fit, addressing the central issue of whether appellant was justified in his actions is dispositive. *See*, *e.g.*, *State v. Jones*, 11th Dist. Portage No. 2008-P-0018, 2008-Ohio-6994, ¶ 24 ("Defense counsel should not be required to violate his duty to his client as the price of avoiding punishment for contempt.").

{¶ 14} "Direct contempt is defined by R.C. 2705.01, which states: '[a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.'" *See Ameritech Publ'g, Inc. v. Mayo Bail Bonds & Sur., Inc.*, 6th Dist. Erie No. E-12-012, 2013-Ohio-831, ¶ 18.

{¶ 15} "Under R.C. 2705.01, due process does not require that the contemnor be granted a hearing." *Newcomer v. Newcomer*, 6th Dist. Lucas Nos. L-10-1299, L-10-1357, 2011-Ohio-6500, ¶ 55. Here the court actually held a hearing, and we find it properly proceeded in finding appellant in direct contempt for obstructing the administration of justice.

{¶ 16} Specifically, appellant repeatedly disobeyed direct orders from the trial court. This court-disturbing misconduct occurred in the court's immediate presence because appellant refused to participate while at trial, in open court, and before both the court and jury. Furthermore, the court had personal knowledge of appellant's refusals because the judge witnessed and addressed the conduct firsthand.

6.

**{¶ 17}** "In order to be punished for criminal contempt, the contemnor must be proven guilty beyond a reasonable doubt." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 251, 416 N.E.2d 610 (1980); *see also In re Sherlock*, 37 Ohio App.3d 204, 206, 525 N.E.2d 512 (2d Dist.1987) (implying that refusing to participate in open court, if found unjustified, is "certainly established beyond a reasonable doubt").

**{¶ 18}** Here, the imposed sanctions were 30 days in jail, a $250 fine, and court costs. These sanctions are within the guidelines of R.C. 2705.05(A)(1), which allows: "For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both[.]" Thus we find no basis to conclude the trial court erred in imposing sanctions.

**{¶ 19}** We next address whether appellant was justified in disobeying the court's orders.

**{¶ 20}** "An officer of the court must always be held to disobey such instructions at his peril, and must understand that his justification for doing so will be subjected to the closest scrutiny and will be sustained only where it may be fairly concluded that no other course was reasonably available[.]" *State v. Gasen*, 48 Ohio App.2d 191, 195, 356 N.E.2d 505 (1st Dist.1976), fn. "Where, for example, complete relief from unjustified, unreasonable, or illegal orders may be accorded the aggrieved parties (whether counsel, his clients, or both) upon direct appeal, we take it that the burden would be heavy indeed to sustain a refusal to obey." *Id.*

7.

{¶ 21} In this case, we primarily note that despite the court's entry and appellant's brief implying appellant's failure to "step back" from the bench during sidebar was considered contemptuous conduct, appellant was only warned, but not found in contempt of court, until he failed to participate at trial as repeatedly ordered. As a result, we will not address the argument that understanding the use of the word "may" as permissible justified appellant's refusal to retreat from sidebar.

{¶ 22} We will nonetheless address appellant's arguments that he was justified in refusing to participate in trial, despite direct orders to do so, because:

[T]he Trial Court 1) refused to substitute a live expert witness for a court appointed expert witness who had died, 2) refused to continue the Trial to obtain an investigator to investigate new allegations, 3) refused to grant a continuance due to Appellant's client being hospitalized for days immediately preceding Trial, and 4) refused to continue the Trial for the wedding of counsel's son in Las Vegas, Nevada three (3) days before the scheduled Trial.

{¶ 23} Because of these, appellant claims he could not proceed with trial without violating his ethical obligations to his client. In particular he argues he could neither adequately represent his client, nor have rendered his client effective assistance.

{¶ 24} However, appellant was responsible for his own failure to proceed to trial and, even if the court should have continued the trial or declared a mistrial, appellant

8.

could have proceeded to trial, protected the record with objections, and challenged the errors on direct appeal.

{¶ 25} The trial court gave appellant adequate notice and opportunity to correct his contemptuous conduct, and yet he refused. The portion of the audio recording of trial from October 4, 2016, where the court ordered appellant to proceed and he refused, was played at the November 9, 2016 sanctions hearing. After the playback ended, the court stated:

> **COURT:** Four times the Court indicated it was ordering him to proceed. It indicated to counsel that he was— it was indicating to counsel that his client's rights were protected.

{¶ 26} Moreover, the record reflects the trial court conferred with counsel on the matter on both October 4 and 5, 2016, and allowed counsel a day continuance to research the issue of whether to proceed or declare a mistrial.

{¶ 27} At the November 9, 2016 sanctions hearing the court played the following additional portion of the audio recording of trial where it initially discussed taking the issue under advisement:

> **COURT:** The Court had looked at cases yesterday at lunch that dealt with— where defense counsel has refused to proceed, and the Court ordered [them] to proceed or held in contempt, and they didn't proceed. The Court held [them] in contempt. And there are a couple of cases where a defendant appeared in Court and a Public Defender walked in and the

9.

Court appointed him, said you're on the spot, proceed, and they refused and said it would be ineffective assistance of counsel. The Court held him in contempt and the— and the Court, higher Court said there's no contempt. That person didn't have— that attorney didn't have time to prepare, so you can't hold him in contempt. They have a right to counsel. Every case I read was basically the same.

**[THE STATE]:** Uh huh.

**COURT:** So it's not a situation where we had counsel that's been on the case for a year and the contempt issue. So with that being said, it's— it's slightly different. I did not read anything along these lines, so.

**[THE STATE]:** If you'd like to take it under advisement—

**COURT:** I do. I think what I want to do is I'm going to review this [until] tomorrow morning. I'll have the jury come back at nine. I'd like the parties to submit any— any case law in support of their position.

I have some real concerns about how to proceed, to be honest, because I don't want to call Mr. Mick up here and ask him if this is— I don't want to invade attorney-client privilege. I don't want to assign different counsel because he'll say I want [appellant], um, and he has his right to choice. I can't do that. We could come back in here in a month and try this again or two months or three months and have the same thing happen again. I don't know how to proceed, outside of I will be looking at

what the Court deems appropriate actions outside of this trial, outside of the facts of this trial.

[THE STATE]:  Your Honor, when do you want these provided to the Court?

COURT:  If you could have [them] filed by tomorrow morning and we'll meet here about 8:15 and discuss it.  I'll make my ruling [on whether a mistrial is necessary].  I won't have the jury come up until nine.

{¶ 28} On October 6, 2016, the court entered its ruling finding it should proceed to trial and note in the record any errors which were to be preserved for appeal.

{¶ 29} The court noted appellant had practiced for 30 plus years and became counsel of record almost 11 months before trial; appellant thus had sufficient time to familiarize himself with the case.  And, although the issue is better suited for Mick's appeal, the court said it denied additional expert fees for three reasons:  Mick could afford appellant as retained counsel; half of the original expert funds granted were still available; and, the new expert had already formed an opinion that was consistent with the old expert's report.  Also, appellant had requested to move the trial to an earlier date.

{¶ 30} Regarding appellant's argument that a continuance or mistrial was appropriate because of the state's introduction of new witnesses, the court noted that appellant filed a motion in support of joining the same witnesses as additional victims in the case, on September 19, 2015, four days after the state filed for joinder.  The court said it denied the joinder because it "was concerned that if it joined that case, the next thing

11.

that would be filed would be defense counsel filing a motion saying I don't have time to prepare for trial, for that witness in that trial, together with the trial that's already set, so grant a continuance[.]" Moreover the notices of intent to use the testimony were filed in January and August 2016, which is nearly nine and three months prior to trial, and, hence, the court found appellant failed to prepare for trial at his own peril.

{¶ 31} The court further addressed appellant's arguments that a continuance should have been granted because Mick was in the hospital, the jury questionnaires were untimely, and appellant's second motion for reconsideration should have been ruled on before trial. The court first stated how the court administrator had actually called the Cleveland Clinic to confirm whether Mick was hospitalized, and that the clinic confirmed Mick was discharged on October 3, 2016. The court explained Mick would not be prejudiced by proceeding to trial on October 4, 2016. Then the court highlighted how appellant never requested early jury questionnaires, and that the court sent them out on the Thursday before trial, "just like they always have been[.]" Lastly the court invoked the longstanding principle that "[a] motion for reconsideration of a trial court's final judgment is a nullity[,]" which addressed why judgment on appellant's second motion for reconsideration had not been rendered prior to trial. *See Johnson v. Geico Homesite, Inc.*, 6th Dist. Ottawa No. OT-17-003, 2017-Ohio-7273, ¶ 8.

{¶ 32} The court eventually concluded as such:

> **COURT:** * * * This Court finds that a mistrial would be an extreme remedy, that's what the case law says, and the Court does not find it's

12.

proper. This Court is going to proceed with the trial and there will be contempt proceedings after this trial is done because this Court had ordered defense to go forward [and appellant refused.]

{¶ 33} Based on our review we cannot say the court abused its discretion in finding appellant in direct contempt and imposing sanctions, as appellant indeed failed to follow direct and lawful orders of the court without justification.

{¶ 34} In final, we note that although appellant attempts to argue it was not his intent to disobey court orders, because for instance the court stated he did not have to participate (while it discussed the burden of proof), we clarify that we need not consider appellant's then state of mind. Purpose or intent is generally immaterial to the central issue addressed herein. *See Pugh v. Pugh*, 15 Ohio St.3d 136, 472 N.E.2d 1085 (1984), paragraph one of the syllabus ("Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to * * * contempt."). Accordingly, appellant's assignments of error are found not well-taken.

### Conclusion

{¶ 35} For the foregoing reasons the November 9, 2016 judgment of the Erie County Court of Common Pleas is affirmed, and the stay issued on January 4, 2017 is hereby withdrawn. Appellant is ordered to pay costs pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                              _____
                                                             JUDGE

Arlene Singer, J.


                                             _____
James D. Jensen, P.J.                                       JUDGE
CONCUR.


                                             _____
                                                             JUDGE