[Cite as *Cole v. Schoenberger*, 2026-Ohio-768.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SENECA COUNTY

---

**CHRISTOPHER L. COLE,**

    **PLAINTIFF-APPELLEE,**

  **v.**

**ERIC SCHOENBERGER,**

    **DEFENDANT-APPELLANT.**

**CASE NO. 13-25-17**

**OPINION AND
JUDGMENT ENTRY**

---

**Appeal from Seneca County Common Pleas Court
Trial Court No. 23-CV-0174**

**Judgment Affirmed**

**Date of Decision:  March 3, 2026**

---

**APPEARANCES:**

    *Eric Schoenberger,* **Appellant**

    *James R. Gucker* **for Appellee**

**ZIMMERMAN, P.J.**

**{¶1}** Defendant-appellant, Eric Schoenberger, pro se, appeals the July 17, 2025 judgment of the Seneca County Court of Common Pleas granting, in part, the complaint for declaratory judgment of plaintiff-appellee, Christopher L. Cole ("Cole"). For the reasons that follow, we affirm.

**{¶2}** On October 15, 2010, Cole executed a promissory note for $21,935.40 in favor of Louis P. Schoenberger. The promissory note provided for payments as follows:

> Payments of One [H]undred Fifty [D]ollars 00/100 ($150.00) per month from August 15, 2010 until January 15, 2015 at which time payments will increase to Five Hundred Dollars and 00/100 ($500.00) per month at an interest rate of four percent (4%) per annum. Payments are due on or before the fifteenth (15th) of every month. Christopher L. Cole shall have a ten (10) day grace period. Any payments made after the ten (10) day grace period shall be subject to a late fee of Twenty-five [D]ollars ($25.00).

(Plaintiff's Exhibit 1). As security for payment of the promissory note, Cole granted Louis P. Schoenberger a security interest in three vehicles. Louis P. Schoenberger perfected his security interest by placing liens on the titles to Cole's vehicles.

**{¶3}** On May 16, 2019, Cole sent a check to Louis P. Schoenberger in the amount of $1,636.86, believing this to be the balance due on the note.

**{¶4}** Louis P. Schoenberger died on March 4, 2020. As executor of his father's estate, Eric Schoenberger sent correspondence to Cole on September 14,

2020 stating that the balance due on the note is "$2,050.00 for late fees." (Defendant's Exhibit F).

{¶5} On October 12, 2020, by order of the Wyandot County Court of Common Pleas, Probate Division, in Case No. 20201023, all of Louis P. Schoenberger's interest in the promissory note was assigned to his son, Eric Schoenberger (hereinafter "Schoenberger"). Schoenberger refused to release the liens on the titles to Cole's vehicles due to the parties' disagreement over late fees.

{¶6} On July 21, 2023, Cole filed a complaint for declaratory judgment in the trial court. The complaint requested that the trial court declare the promissory note "'paid in full' and the liens on the titles of [Cole's] vehicles . . . ordered released by the Seneca County Clerk of Courts." (Doc. No. 2). In the alternative, the complaint requested that the vehicles be sold "with said funds to be allocated by the court, to [Cole] and/or [Schoenberger]." (*Id.*).

{¶7} Schoenberger filed his answer to Cole's complaint for declaratory judgment on September 1, 2023.

{¶8} On January 29, 2024, a bench trial was held to determine the balance due, if any, on the promissory note. Cole was the only witness to testify at trial. Even though Schoenberger did not testify, he presented several exhibits that were admitted into evidence.

{¶9} On July 17, 2025, the trial court issued a judgment entry granting, in part, Cole's complaint for declaratory judgment. Specifically, the trial court determined that the remaining amount due on the promissory note is $1,403.21.

{¶10} On August 13, 2025, Schoenberger filed his notice of appeal.

**Absence of Assignments of Error**

{¶11} Initially, we note that Schoenberger's brief is deficient in that it does not contain a statement of assignments of error. *See* App.R. 16(A)(3) (requiring the appellant's brief to set forth "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"). Instead, Schoenberger's brief asserts that "[t]here are four main issue[s] with the errors" as follows:

1.  When are payments made and to be subject to the late fee[.]

2.  Was interest properly calculated.

3.  Are there valid reasons for charges of perjury.

4.  Are there valid reasons for tamp[er]ing with evidence.

(Appellant's Brief at 3).

{¶12} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. "Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are

represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). However, a "court may afford a pro se litigant some leeway by generously construing his filings." *Johnson v. Geico Homesite, Inc.,* 2017-Ohio-7273, ¶ 9 (6th Dist.). "But that leeway manifests in limited ways: attempting to address a pro se litigant's arguments on the merits when they are indecipherable[.]" *French* at ¶ 11.

{¶13} Here, a significant portion of Schoenberger's brief is indecipherable and many of the arguments contained therein are unsupported by any basis in the law. For example, Schoenberger's third and fourth "main issue[s] with the errors" are seemingly based in criminal law. To the extent that Schoenberger is arguing that criminal charges are warranted in this civil appeal, we reject such meritless arguments. Further, Schoenberger's first and second "main issue[s] with the errors" merely set forth conclusory statements that claim the trial court erred without citing to legal authorities that demonstrate that the trial court committed an error. *See Adams v. June,* 2021-Ohio-168, ¶ 8 (3d Dist.); App.R. 16(A)(7).

{¶14} What we can glean from Schoenberger's brief is that he disagrees with the trial court's decision regarding the remaining amount due on the promissory note. Therefore, in the interest of resolving cases on the merits, we will construe Schoenberger's arguments as a request that we reverse the trial court's decision as being against the manifest weight of the evidence.

*Standard of Review*

**{¶15}** "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Lump v. Larson*, 2015-Ohio-469, ¶ 9 (3d Dist.), quoting *San Allen, Inc. v. Buehrer*, 2014-Ohio-2071, ¶ 89 (8th Dist.). "[A] civil judgment 'supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" *Warnecke v. Chaney*, 2011-Ohio-3007, ¶ 13 (3d Dist.), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978).

**{¶16}** "'[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct.'" *Warnecke* at ¶ 13, quoting *State v. Wilson*, 2007-Ohio-2202, ¶ 24. "The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures." *Warnecke* at ¶ 13. "'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.'" *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81 (1984). "'A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'" *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81.

*Analysis*

**{¶17}** In this case, the trial court determined that the remaining amount due on the promissory note is $1,403.21. The trial court ordered Cole to pay $1,403.21 to Schoenberger and, upon payment of said amount, the trial court ordered Schoenberger to release the liens on the titles to Cole's vehicles. Based on the record before us, we cannot say that the trial court's decision to grant, in part, Cole's complaint for declaratory judgment is against the manifest weight of the evidence.

**{¶18}** Cole was the only witness to testify at trial. On direct examination, Cole acknowledged that some payments were made late. Cole testified that he contacted counsel for Louis P. Schoenberger to ascertain the balance due on the note. On or about December 12, 2018, Cole received a one-page handwritten document with "Balance of Loan $1,636.86" at the bottom. (Plaintiff's Exhibit 3). Believing this to be the balance due on the note, Cole sent a check to Louis P. Schoenberger in the amount of $1,636.86.

**{¶19}** On cross-examination, Cole conceded that the one-page handwritten document also stated that $2,000 is due for late fees. Cole testified that he did not pay the late fees because the parties "settled for" payment of $1,636.86. (Jan. 29, 2024 Tr. at 45). After Cole sent a check to Louis P. Schoenberger in the amount of $1,636.86, Cole believed that the note "was paid in full." (*Id.*).

**{¶20}** As to the total amount paid on the note, Cole presented a reconciliation of payments made from August 25, 2010 to May 16, 2019 as Plaintiff's Exhibit 6.

Plaintiff's Exhibit 6 shows that Cole has paid a total of $26,766.86 on the note. Based on his review of Plaintiff's Exhibit 6, Cole testified that 29 payments were made late such that $725 is due for late fees.

{¶21} Despite Cole's testimony to the contrary, the documentary evidence presented at trial shows that more than 29 payments were made late. In particular, Plaintiff's Exhibit 6 reflects that at least 30 payments were made after the 10-day grace period and an additional 14 payments were missed between 2013 and 2014. Moreover, Schoenberger presented copies of the payment envelopes mailed by Cole as Defendant's Exhibits A and D. Defendant's Exhibits A and D demonstrate that many payments were received after the 10-day grace period.

{¶22} In its July 17, 2025 judgment, the trial court determined that 65 payments were made late. "The total amount of late fees due for those sixty-five (65) late payments is $1,625.00 (65 x $25.00)." In calculating the remaining amount due on the promissory note, the trial court added the principal amount of the note, plus interest and late fees, to arrive at $28,170.07. From this amount, the trial court deducted $26,766.86—being the amount Cole has paid on the note—to determine that the remaining amount due on the note is $1,403.21.[1]

{¶23} After reviewing the record, we conclude that the trial court had competent, credible evidence before it on which to base its determination that the

---

[1] We note that page 5 of the trial court's judgment entry incorrectly states that Cole has paid $27,766.86 on the promissory note. However, page 4 sets forth the correct amount of $26,766.86 as indicated on Plaintiff's Exhibit 6.

remaining amount due on the note is $1,403.21.  *See Warnecke*, 2011-Ohio-3007, at ¶ 13 (3d Dist.) (stating that a judgment supported by some competent, credible evidence will not be reversed on appeal as being against the manifest weight of the evidence).  We further conclude that the trial court's decision to grant, in part, Cole's complaint for declaratory judgment is not against the manifest weight of the evidence.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the arguments are found not well taken and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge

DATED:
/hls