[Cite as *Ohio Atty. Gen. v. Brock*, 2015-Ohio-4173.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| OHIO ATTORNEY GENERAL, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 14CA19 |
| v. | : | |
| | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| DENNIS R. BROCK, | : | |
| | : | |
| Defendant-Appellant. | : | Released: 10/01/2015 |

APPEARANCES:

Dennis R. Brock, Nelsonville, Ohio, pro se Appellant.

Michael DeWine, Ohio Attorney General, and Maura O'Neill Jaite, Senior Assistant
Ohio Attorney General, Columbus, Ohio, for Appellee.

Hoover, P.J.

{¶ 1} Defendant-appellant, Dennis R. Brock ("Brock"), appeals the decision of

the Hocking County Common Pleas Court granting summary judgment in favor of

plaintiff-appellee, the Ohio Attorney General ("OAG"). The OAG filed a vexatious

litigator complaint against Brock pursuant to R.C. 2323.52. During the proceedings, the

OAG filed a motion for summary judgment. The trial court granted the motion, declared

Brock to be a vexatious litigator, and imposed a preliminary injunction under Civ.R. 65

against Brock. Brock now appeals the trial court's decision.

{¶ 2} Brock argues that he is not a vexatious litigator because he should have

been granted a mandatory hearing pursuant to R.C. 2969.24(C) prior to the dismissal of

his habeas corpus petition which was filed in December 2013 in this court. However, we

find that Brock failed to comply with R.C. 2969.25(A) and (C). Brock included in his notice of appeal an affidavit of indigency requesting a waiver of fees but it failed to include a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C). Brock also failed to provide an affidavit describing each civil action or appeal of a civil action within the last five years, in violation of R.C. 2969.25(A). Therefore, we dismiss this appeal.

I. Facts

{¶ 3} In August 2007, a jury found Brock guilty of 13 counts of Rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced Brock to 13 consecutive life sentences. Upon his direct appeal, the Third District Court of Appeals affirmed the trial court's convictions and sentences. Since then, Brock has filed numerous motions and appeals with the Hancock County Common Pleas Court, the Third District Court of Appeals, the Twelfth District Court of Appeals, the Fourth District Court of Appeals, and the Ohio Supreme Court.

{¶ 4} In May 2012, Brock filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. That court granted the respondent's motion to dismiss and dismissed Brock's petition on the ground that habeas corpus relief was not a proper remedy for Brock's various legal challenges. *Brock v. Brunsman*, 12th Dist. Warren No. CA2012-05-043. Brock appealed the Twelfth District's dismissal to the Ohio Supreme Court. The Ohio Supreme Court dismissed his appeal as untimely and further found Brock to be a vexatious litigator under S.Ct.Prac.R. 4.03(B), citing five different Ohio Supreme Court decisions involving Brock. *See Brock v. Moore*, 135 Ohio St.3d 188,

2013-Ohio-70, 985 N.E.2d 465 (case name changed because Moore was substituted for Brunsman as the warden respondent to the petition).

{¶ 5} Later, Brock was transferred from the Lebanon Correctional Facility Institute in Warren County to the Hocking Correctional Facility in Hocking County. Then, Brock filed a petition for a writ of habeas corpus in this court in December 2013. The OAG filed a motion to dismiss Brock's petition. In March 2014, this court granted the OAG's motion and dismissed Brock's petition because it failed to establish that the trial court lacked jurisdiction over his criminal trial; and he had other adequate legal remedies he could have pursued to protect his rights. *Brock v. Duffey*, 4th Dist. Hocking No. 13CA25.

{¶ 6} The case sub judice commenced in May 2014 when the OAG filed a vexatious litigator complaint against Brock. Brock filed a Civ.R. 12(B)(1) and 12(B)(6) motion to dismiss and a Civ.R. 13(D) counterclaim. The OAG filed a motion for summary judgment; and Brock then filed an "opposition to plaintiff's reasons for summary judgment." Brock proceeded to file approximately twelve various motions such as multiple motions to dismiss and motions arguing the merits of a habeas corpus petition.

{¶ 7} In August 2014, the trial court filed a judgment entry granting summary judgment in favor of the OAG. The trial court declared Brock a vexatious litigator under R.C. 2323.52; imposed R.C. 2323.52(D) vexatious litigator restrictions against Brock; and issued a preliminary injunction under Civ.R. 65. The trial court stated: "This Court hereby issues a preliminary injunction under Civ. R. 65 which prohibits Dennis R. Brock from instituting any litigation, continuing any litigation, or making any application in any

litigation in any Ohio Common Pleas, Municipal, County, or Appellate Court while this litigation is pending, without first obtaining leave from this Court[.]"

{¶ 8} Shortly thereafter, Brock filed an appeal from the trial court's decision without first obtaining leave from the court of appeals to proceed pursuant to R.C. 2323.52(F)(2). On October 27, 2014, we ordered Brock to file his application for leave to proceed with this court in accordance with R.C. 2323.52(F)(2) within twenty days from the entry date of that order. On November 12, 2014, the trial court filed an entry stating that it was correcting the record to reflect that on or before September 5, 2014, Brock filed a motion for leave to appeal but that his motion was subsequently lost or destroyed. The trial court had granted Brock's motion for leave to file an appeal but it was never properly ruled upon by the court of appeals pursuant to R.C. 2323.52(F)(2).

{¶ 9} On December 18, 2014, this court found that the error regarding the motion for leave to appeal was not jurisdictional and ruled that Brock's motion for leave to appeal was timely filed on or before September 5, 2014. Brock and the OAG subsequently filed appellate briefs for this court to consider. In our December 2014 decision we specifically instructed that this appeal be limited to the trial court's determination that Brock is a vexatious litigator.

## II. Assignment of Error

{¶ 10} Brock's sole assignment of error:

BROCK MAY BE DESIGNATED A VEXATIOUS LITIGATOR BY

R.C.2323.52 ONLY IF CASE NO.13AP25 IS A CIVIL CASE. IF CASE

NO.13AP25 IS A CIVIL CASE THIS FOURTH DISTRICT

APPELLATE COURT HAS NOT YET HELD THE MANDATORY

HEARING REQUIRED PURSUANT TO R.C.2969.24(C).

### III. Standard of Review

{¶ 11} We review the trial court's decision on a motion for summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate. *Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶ 12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶ 12} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor. Civ.R. 56(C). The party moving for summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of

evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs,* 4th Dist. Pickaway No. 11CA25, 2012–Ohio–3150, ¶ 17; *Wagner v. Young,* 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Dresher* at 293. However, once the initial burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Id.;* Civ.R. 56(E).

## IV. Analysis

{¶ 13} Brock appeals the trial court's summary judgment against him. He argues that he is not a vexatious litigator. Instead, he contends that he is just being persistent in trying to make this court understand that his present incarceration is illegal. Brock fashions a creative argument. He basically argues that he cannot be considered a vexatious litigator because he has not been afforded a hearing on the OAG's motion to dismiss his petition for habeas corpus that he filed before this court in December 2013. Brock first sets forth the premise that he can be designated as a vexatious litigator if his habeas corpus case is a civil case. He then argues that if his habeas corpus case is indeed categorized as a civil case, then he was entitled to a mandatory hearing pursuant to R.C. 2969.24(C). Thus, he argues that his right to due process has been violated.

{¶ 12} In defense of Brock's argument on appeal, the OAG sets forth its arguments as two "assignments of error":

First Assignment of Error: This appeal should be dismissed with prejudice because it is procedurally defective.

Second Assignment of Error: The trial court did not err in granting appellee's motion for summary judgment, declaring appellant a vexatious litigator, and imposing vexatious litigator restrictions against appellant.

Procedurally, the labeling of the "assignments of error" is improper. However, App.R. 3(C)(2) provides that a party "who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal or to raise a cross-assignment of error." Here, the OAG has raised the argument in its "First Assignment of Error" that Brock's appeal should be dismissed with prejudice because it is procedurally defective. The OAG was not required to raise a cross-assignment of error to make the argument that the appeal was procedurally defective. This argument could have been properly presented as an argument in the OAG's brief or as a motion to dismiss under App.R. 15. We will, therefore, consider the OAG's argument regarding Brock's appeal being procedurally defective below.

{¶ 15} The OAG argues that Brock's appeal is procedurally defective. The OAG alleges that Brock failed to file a complete waiver of the pre-payment requirement as required by R.C. 2969.25(C) and a prior civil lawsuit affidavit as required by R.C.

2969.25(A) when he filed his appeal of the trial court's judgment. The OAG contends that these requirements are mandatory for this type of appeal and incurable by later filings.

{¶ 16} R.C. 2969.25(A) and (C) state:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

***

(C) If an inmate who files a civil action or appeal against a government

entity or employee seeks a waiver of the prepayment of the full filing fees

assessed by the court in which the action or appeal is filed, the inmate

shall file with the complaint or notice of appeal an affidavit that the inmate

is seeking a waiver of the prepayment of the court's full filing fees and an

affidavit of indigency. The affidavit of waiver and the affidavit of

indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the

inmate for each of the preceding six months, as certified by the

institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by

the inmate at that time.

{¶ 17} "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." (Quotation omitted.) *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1. The failure to file affidavits required by R.C. 2969.25(A) and (C) at the commencement of an original action or appeal cannot be cured by a delayed filing. *Id.* at ¶ 2; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. The Ohio Supreme Court has made it clear that neither R.C. 2969.25(A) nor (C) permit substantial compliance. *State ex rel. Manns v. Henson,* 119 Ohio St.3d 348, 2008–Ohio–4478, 894 N.E.2d 47, ¶ 4, citing *Martin v. Ghee,* 10th Dist. Franklin No. 01AP–1380, 2002 WL 523000 (Apr. 9, 2002).

{¶ 18} According to R.C. 2323.52, actions to determine a person to be a vexatious litigator are civil actions. Brock is an inmate and the OAG is a government entity. Therefore, we agree that this appeal must comply with the requirements of R.C. 2969.25.

{¶ 19} This court stated in *Simms v. Lane*, 4th Dist. Hocking No. 95CA25, 1996 WL 451360, *1 (Aug. 5, 1996):

> Although we have consistently afforded considerable leniency in *pro se*
> actions brought by indigent prisoners, see *Wright v. Morris* (May 9, 1994),
> Ross App. No. 93CA1955, unreported and *Besser v. Griffey* (1993), 88
> Ohio App.3d 379, 382, such leniency is not without limitation. *State ex rel.*
> *Karamasu v. Tate* (1992), 83 Ohio App.3d 199, 206.

We are subject to limits set forth by the Ohio Supreme Court when it states: "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5, citing *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997); *see also*, *State ex rel. Jefferson v. Ohio Adult Parole Auth.*, 86 Ohio St.3d 304, 714 N.E.2d 926 (1999).

{¶20} Brock has filed many different actions and appeals in the courts throughout Ohio. Even though he is representing himself, from filing the numerous cases, he should be well aware of the requirements of R.C 2969.25. In this appeal, Brock failed to file an affidavit describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court with his notice of appeal. Also, Brock failed to file a complete affidavit meeting the requirements of R.C. 2969.25(C). Brock did file an affidavit of indigency, requesting waiver of "any filing fees, court costs, costs

of transcripts or other relevant documents***." However, the affidavit does not include a statement setting forth the balance in his inmate account for the proceeding six months, certified by the institutional cashier.

{¶ 21} Brock has failed to comply with the procedural requirements of R.C. 2969.25. Brock's failure to comply with mandatory requirements subjects his appeal to dismissal. We need not address the merits of Brock's assignment of error and the OAG's second argument that the trial court did not err in granting appellee's motion for summary judgment, declaring appellant a vexatious litigator, and imposing vexatious litigator restrictions against appellant.

V. Conclusion

{¶ 22} This court is cognizant of Brock's concerns that he believes that the merits of his habeas corpus case have never actually been heard. However, Brock's failure to comply with the procedures outlined in R.C. 2969.25(A) and (C) are fatal to this appeal. Accordingly, we dismiss this appeal.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

By:_____
                Marie Hoover
                Presiding Judge


## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.