[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neil v. French,* Slip Opinion No. 2018-Ohio-2692.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2692

THE STATE EX REL. NEIL, APPELLANT, *v.* FRENCH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neil v. French,* Slip Opinion No. 2018-Ohio-2692.]

*Procedendo—R.C. 2969.25—Failure to file a statement setting forth the balance in an inmate's account—R.C. 2969.25 does not allow for substantial compliance—Court of appeals' dismissal of complaint for a writ affirmed.*

(No. 2017-1221—Submitted January 23, 2018—Decided July 11, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-241.

_____

**Per Curiam.**

{¶ 1} Appellant, Miguel Neil, appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of procedendo against appellee, Franklin County Common Pleas Court Judge Jenifer French. For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

**{¶ 2}** On April 6, 2017, Neil filed a complaint in the Tenth District Court of Appeals seeking a writ of procedendo against Judge French. Neil alleged that he had filed a petition for postconviction relief on February 3, 2016, that Crim.R. 35(C) requires that a ruling be issued on a postconviction petition within 180 days of its filing, and that Judge French had not yet ruled on the petition.

**{¶ 3}** Neil filed an affidavit of indigency with his complaint and requested that the court waive its filing fee. In the affidavit, he attested that he is incarcerated, that he nets only $13.50 a month for his job assignment, and that he has no assets or property.

**{¶ 4}** The court of appeals referred the case to a magistrate. On April 27, 2017, the magistrate recommended that the court of appeals dismiss the complaint sua sponte because Russell had failed to comply with the requirements of R.C. 2969.25(C). R.C. 2969.25(C) requires two things of an inmate who seeks a waiver of a court's filing fees when instituting a suit in the court of appeals against a government actor: (1) a statement setting forth the balance in the inmate's account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate at the time of filing. Neil submitted the statement of assets but not the mandatory inmate-account statement.

**{¶ 5}** Neil did not object to the magistrate's recommendation. After a review of the record, the court of appeals adopted the recommendation and dismissed the complaint. Neil appealed.

*Analysis*

**{¶ 6}** In his merit brief, Neil changes the theory of the merits of his request for a writ of procedendo. He now asserts that "on October 31, 2016, the trial court rendered a decision but [Neil] was never served notice of the judgment entry, preventing him from appealing to a superior court." Neil's admission that the trial court did in fact issue a judgment entry is a concession that his procedendo

complaint is moot. *State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 1-2 (holding that "[p]rocedendo will not compel the performance of a duty that has already been performed" and that in such circumstances, the complaint is moot). Instead, Neil implies that he is seeking relief because the court's failure to serve the judgment properly cost him his opportunity to appeal. But Judge French *agrees* that he was not properly served with a decision and that Neil therefore "can proceed with an appeal of the trial court's ruling."

**{¶ 7}** However, "[t]he requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4. In his first proposition of law, Neil argues that the court should excuse his noncompliance with a single technicality because there has been " 'some semblance of compliance,' " Neil's brief, quoting *Coleman v. Davis*, 4th Dist. Jackson No. 10CA5, 2011-Ohio-506, ¶ 14. However, R.C. 2969.25(C) does not permit substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4.

**{¶ 8}** Neil argues that "[i]t is unconstitutional to deny one party judgment due to a *single* technicality." (Emphasis sic.) He cites no authority for this proposition and has therefore "failed to rebut the presumed constitutionality of the statute." *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 6 (rejecting constitutional challenge to R.C. 2969.25(C)(1) filing requirements); *see also Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 3 (same).

**{¶ 9}** Finally, in his second proposition of law, Neil attempts to craft a constitutional argument based on what he argues is inconsistent treatment of pro se suits by the various courts of appeals. According to Neil,

some [Ohio courts] hold that *pro se* litigants should be held to the same standards as lawyers, while others hold that they should not be held to the same standards as lawyers and give greater latitude towards errors in *pro se* litigant's pleadings.

(Italics sic.)  He asks this court to adopt a blanket rule of substantial compliance to excuse errors and omissions in pro se pleadings.

{¶ 10} We have repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5.  " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' "  (Italics sic.)  *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238 (2001).

{¶ 11} Neil is correct that the state's appellate courts sometimes express a willingness to deviate from this principle.  *See, e.g.*, *Mitchell v. Holzer Med. Ctr.*, 4th Dist. Gallia No. 16CA20, 2017-Ohio-8244, ¶ 7 ("Because we ordinarily prefer to review a case on its merits rather than dismiss the action due to procedural technicalities, we generally afford considerable lenience to pro se litigants"); *Johnson v. Geico Homesite, Inc.*, 6th Dist. Ottawa No. OT-17-003, 2017-Ohio-7273, ¶ 9 (a "court may afford a pro se litigant some leeway by generously construing his filings").  But that leeway manifests in limited ways: attempting to address a pro se litigant's arguments on the merits when they are indecipherable, *Angus v. Angus*, 10th Dist. Franklin No. 14AP-742, 2015-Ohio-2538, ¶ 10, or liberally construing the allegations in a pro se prisoner complaint as stating the elements of a claim, *Baker v. Ohio Dept. of Rehab. & Corr.*, 144 Ohio App.3d 740, 744, 761 N.E.2d 667 (4th Dist.2001).  And appellate courts do recognize that any

leniency afforded to pro se litigants does *not* extend to compliance with R.C. 2969.25(C). *See, e.g., Ohio Atty. Gen. v. Brock*, 4th Dist. Hocking No. 14CA19, 2015-Ohio-4173, ¶ 19; *Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. Franklin No. 05AP-596, 2005-Ohio-6306, ¶ 3-6. Appellate courts have strictly applied R.C. 2969.25(C). Thus, Neil cannot present evidence of a conflict among the judicial districts or of a constitutional violation.

{¶ 12} The court of appeals properly dismissed Neil's complaint for failure to attach the statement of inmate account required by R.C. 2969.25(C).

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Miguel E. Neil, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Benjamin D. Humphrey, Assistant Prosecuting Attorney, for appellee.

_____