[Cite as *State ex rel. Fine v. Kalo*, 2020-Ohio-3310.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. ALBERT C. FINE

    Relator

    v.

TED KALO, LORAIN MUNICIPAL COURT

    Respondent

C.A. No.  20CA011633

ORIGINAL ACTION IN MANDAMUS

Dated:  June 15, 2020

---

PER CURIAM.

{¶1}    Relator Albert C. Fine has filed a petition asking this Court for a writ of mandamus ordering Respondent, Ted Kalo, Clerk of the Lorain Municipal Court, to provide him with documents he requested, but did not receive, in a public records request.  Because Mr. Fine's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2}    R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity.  Mr. Kalo, clerk of the Lorain Municipal Court, is a government employee and Mr. Fine, incarcerated in the Northeast Ohio Correctional Center, is an inmate. R.C. 2969.21(C) and (D).  A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action.  *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to

dismissal."). Mr. Fine failed to comply with the requirements regarding his motion to waive prepayment of the cost deposit.

{¶3} An inmate seeking waiver of filing fees, as Mr. Fine did here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The statute requires specific information be provided: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-408, ¶ 6 (emphasis *sic.*). Mr. Fine's affidavit of indigency only states that he does not have anything of value to pay the cost associated with this action; it does not meet any of the requirements of the statute. "'R.C. 2969.25(C) does not permit substantial compliance[,]'" it requires strict adherence by the filing inmate. *Id.* at ¶ 8, citing *State ex rel. v. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Fine's affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶4} Because Mr. Fine did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Fine. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ALBERT C. FINE, Pro se, Relator.

PATRICK D. RILEY, Law Director, and Joseph T. LaVeck, Assistant Law Director & Police Legal Advisor, for Respondent.