[Cite as *Arnoff v. Elyria Police & Lorain Cty. Courts*, 2020-Ohio-3521.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

BRUCE ARNOFF

    Relator                                                 C.A. No.       20CA011650

    v.

ELYRIA POLICE AND LORAIN                    ORIGINAL ACTION IN
COUNTY COURTS                               MANDAMUS

    Respondents

Dated: June 30, 2020

PER CURIAM.

{¶1} Relator, Bruce Arnoff, has filed a document captioned "Writ of MANDAMUS - Complaint" that demands the return of property held by Lorain County Courts, money damages, and punitive damages. Mr. Arnoff also moved to waive payment of the cost deposit. Because Mr. Arnoff's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Mr. Arnoff acknowledged in his affidavit of indigency that he is an inmate in an Ohio prison. The Elyria Police and Lorain County Courts are government entities. *See* R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an

inmate's action to dismissal."). Mr. Arnoff failed to comply with the requirements regarding his motion to waive prepayment of the cost deposit.

{¶3} An inmate seeking waiver of filing fees, as Mr. Arnoff did here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The statute requires specific information be provided: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, Slip Opinion No. 2020-Ohio-408, ¶ 6 (emphasis *sic.*). Mr. Arnoff's affidavit of indigency only states that he is without the necessary funds to pay the costs of this action; it does not meet any of the requirements of the statute. "'R.C. 2969.25(C) does not permit substantial compliance[,]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. v. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Arnoff's affidavit does not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{¶4} Because Mr. Arnoff did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Arnoff. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

 

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BRUCE ARNOFF, Pro se, Relator.