[Cite as *In re N.S.*, 2021-Ohio-427.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: N.S. | : | APPEAL NO. C-190713 |
| | | TRIAL NO. 19-2276 X |
| | : | |
| | | *O P I N I O N.* |
| | : | |
| | : | |
| | : | |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: February 17, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney*,* for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant N.S.

**ZAYAS, Presiding Judge.**

{¶1}   Defendant-appellant N.S. appeals his September 5, 2019 adjudication by the Hamilton County Juvenile Court for violating a condition of probation. The record reveals, and the state concedes, that N.S was never actually placed on probation and ordered to comply with conditions of probation prior to the alleged violation. Therefore, we reverse the adjudication and discharge N.S. from further prosecution.

## I. Facts and Procedural History

{¶2}   On June 26, 2019, after admitting to the allegations against him, N.S. was adjudicated delinquent for grand theft of a motor vehicle, a felony of the fourth degree if committed by an adult. The case was continued for disposition to a later date, and N.S. was ordered held in detention while awaiting disposition. The magistrate's entry also states, "place on probation for investigation."

{¶3}   On August 23, 2019, a complaint was filed against N.S. alleging that he had been placed on probation at the June 26, 2019 hearing and later violated a condition of that probation by posting or electronically transmitting photographs depicting illegal activity.

{¶4}   On September 5, 2019, a hearing was held before the juvenile court magistrate on the probation violation. The state presented the testimony of two witnesses: the probation officer completing the investigation of N.S. and N.S.'s stepmother. The alleged violation was based on photos sent to the probation officer by N.S.'s stepmother that N.S. had allegedly posted to his Facebook page. The photos included three photos of guns and one photo of the stepmother's vehicle with a caption saying, "That's on me. I got you, though." The magistrate determined that the photos depicted illegal activity and found N.S. to be in violation of the rules of

probation. N.S. was ordered removed from electronic monitoring and held in detention pending disposition.

{¶5} On September 11, 2019, N.S. appeared before the juvenile court magistrate for disposition on both adjudications. The magistrate placed N.S. on probation, ordered N.S. to complete a program at Bassett House as a condition of his probation and ordered N.S. to comply with all probation services. N.S. was also given a suspended commitment to the Department of Youth Services.

{¶6} On September 18, 2019, N.S. filed an objection to the magistrate's September 5 decision finding N.S. in violation of the conditions of probation. The juvenile court denied the objection and adopted the magistrate's decision.

{¶7} N.S. now appeals, asserting five assignments of error.

## II. Law and Analysis

{¶8} In his first assignment of error, N.S. argues that the juvenile court erred in adjudicating him delinquent for violating probation because he was never properly placed on probation.

{¶9} N.S. admitted to grant-theft-auto allegations on June 26, 2019. Under Juv.R. 29(F)(2), the juvenile court has four permissible actions on how to proceed with an adjudicatory hearing once the allegations in a complaint are admitted. One of the permissible actions the court may take is to "[e]nter an adjudication and continue the matter for not more than six months and may make appropriate temporary orders." Juv.R. 29(F)(2)(b).

{¶10} The parties disagree on whether the juvenile court is permitted under this rule to issue a temporary order placing a juvenile on probation while awaiting disposition. However, we need not reach this issue in order to sustain N.S.'s first assignment of error, because the record shows, and the state concedes, that N.S. was

3

never actually placed on probation or ordered to comply with the conditions of probation at the June 26 hearing.

{¶11} A court speaks through its journal entries. *In re R.M.*, 1st Dist. Hamilton No. C-190420, 2020-Ohio-4446, ¶ 14; *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2692, ¶ 7. Here, the magistrate's June 26, 2019 entry states the following:

> Juvenile is ordered to submit to the lawful care, custody, and control of parent, guardian, custodian, and teachers and to obey all laws. Failure to follow said order may result in the filing of a charge of delinquency.
>
> *Place on probation for investigation.*

(Emphasis added.) This entry does not contain any order that N.S. comply with any terms or conditions of probation.

{¶12} This is consistent with the record of the hearing that day. When addressing N.S., the magistrate stated:

> What I want—probation is going to investigate. They are going to talk to you. They are going to talk to your stepmom. And what I want them to do is come in with a recommendation on how to get you safely back in the community, so this is not a situation where you just go back out on EMU and something else happens because you don't have things in place to help you stay on track. So, I want probation to meet with you before I'm comfortable letting you back out into the community.

{¶13} Furthermore, the entry from the September 11 dispositional hearing states: "Place on probation. Terminate *Investigation.*" (Emphasis added.) It then

4

orders N.S. to comply with the conditions of probation and comply with all probation services.

{¶14} This court previously addressed the language of an entry which said "place on probation for investigation" and found the language had a clear limited purpose of a probation investigation. *In re Meyer*, 1st Dist. Hamilton No. C-910292, C-910404, 1992 WL 5843, *3 (Jan. 15, 1992).

{¶15} The record is clear that N.S. was not placed on probation or ordered to comply with the conditions of probation until September 11, 2019. Yet, the juvenile court found N.S. to be in violation of probation on September 5, 2019. N.S. cannot be adjudicated for violating a condition of probation before he is actually placed on probation and ordered to comply with those conditions. Accordingly, we sustain N.S.'s first assignment of error.

{¶16} Our disposition of the first assignment of error is dispositive of this appeal. Therefore, the four remaining assignments of error asserted by N.S. are moot and we decline to address them.

### III. Conclusion

{¶17} We sustain N.S.'s first assignment of error, reverse the adjudication and discharge N.S. from further prosecution for the alleged probation violation.

Judgment reversed and appellant discharged.

**MYERS** and **CROUSE, JJ.,** concur.

Please Note:

The court has recorded its own entry this date.

5