[Cite as *Hissner v. Toler*, 2024-Ohio-2047.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
| --- | --- |
| JEREMY D. HISSNER | C.A. No.     30920 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELIZABETH TOLER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     DR-2014-03-0644 |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2024

SUTTON, Presiding Judge.

**{¶1}** Plaintiff-Appellant Jeremy Hissner appeals from the judgment of the Summit County Domestic Relations Court. This Court affirms.

I.

**{¶2}** Mr. Hissner and Defendant-Appellee Elizabeth Toler are the parents of a minor child, J.T., born October 29, 2013. The parties were not married at the time of J.T.'s birth, and, in 2015, the Summit County Domestic Relations Court issued a judgment entry establishing a parent-child relationship between Mr. Hissner and J.T. That entry also named Ms. Toler the sole legal custodian and residential parent of the minor child and granted Mr. Hissner parenting time with the minor child.

**{¶3}** In October of 2020, the parties agreed to a parenting time order that equally split parenting time between Mr. Hissner and Ms. Toler. Ms. Toler waived child support and both

parents agreed to split the costs of extracurricular activities if both parents agreed on the activity. Ms. Toler's status as legal custodian and residential parent remained the same.

{¶4} Beginning on February 15, 2022, litigation between the parties escalated. On that day, Mr. Hissner filed a "motion to terminate and/or modify shared parenting." Ms. Toler filed a motion for contempt for parenting time and, on February 16, 2022, filed a motion for an emergency hearing. On February 18, 2022, Ms. Toler filed a motion to modify the parenting plan and a motion for a parenting evaluation followed by an emergency motion to suspend or modify Mr. Hissner's parenting time four days later. Numerous other pleadings and requests for court hearings were also filed by both parties.

{¶5} The matter came for a final hearing on multiple days in August and September of 2023. The trial court issued a decision on October 16, 2023, naming Ms. Toler the sole legal custodian and residential parent of the child. Mr. Hissner was awarded parenting time with the child one night during the school week and every other weekend.

{¶6} It is from that judgment Mr. Hissner appeals, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE DOMESTIC RELATIONS COURT JUDGE ERRED TO THE PREJUDICE OF [MR. HISSNER] BY ORDERING A CHANGE TO THE PARENTING SCHEDULE FOR 50/50 SHARED PARENTING WHICH HAD BEEN IN EFFECT FOR THE PAST FOUR YEARS TO THE LIMITED SCHEDULE C PARENTING SCHEDULE WITHOUT SUPPORTING[] EVIDENCE, AND REASONING.**

**ASSIGNMENT OF ERROR II**

**THE DOMESTIC RELATIONS COURT JUDGE ERRED TO THE PREJUDICE OF [MR. HISSNER] BY RELYING UPON A PSYCHOLOGIST'S ASSESSMENT OF [MR. HISSNER] WHICH WAS**

**BIASED IN THAT IT ACCEPTED THE OPPOSING PARTY'S FICTIONALIZED OVERVIEW, WHILE IGNORING [MR. HISSNER]'S FACTUAL STATEMENTS. IN ADDITION, THIS REPORT ALSO CONTAINED MANY FACTUAL ERRORS WHICH WERE ADMITTED BY THE PSYCHOLOGIST ON CROSS EXAMINATION. THE REPORT WAS WRITTEN POORLY WITH ERRONEOUS INFORMATION THAT WAS NEVER VERIFIED AS TRUE BASED UPON EVIDENCE. THE TONE OF THE REPORT IS HOSTILE TOWARD [MR. HISSNER]. THE REPORT MAINLY RELIED UPON ALLEGED STATEMENTS BY THE APPELLEE, MS. TOLER[,] AND CHALLENGED [MR. HISSNER]'S FACTS WITHOUT JUSTIFICATION.**

**{¶7}** In both of his assignments of error, Mr. Hissner argues the trial court erred in modifying his parenting time schedule. In his first assignment of error, he alleges the trial court was without evidence to reach the conclusion as to modify his parenting time. In his second assignment of error, he references testimony of a psychologist who produced an assessment of Mr. Hissner.

**{¶8}** However, because Mr. Hissner has failed to provide this court with a transcript of the final hearing necessary for the resolution of his assigned errors, this Court is unable to review either of his assigned errors. App.R. 9(B)(1) states, "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." Although, as Mr. Hissner has correctly noted in his reply brief, a transcript is not necessary to resolve every appeal, the Appellate Rules require Mr. Hissner to provide the transcripts necessary for resolution of his assigned errors. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶9} The Ohio Supreme Court has noted, "[w]e have repeatedly declared that pro se litigants must follow the same procedures as litigants represented by counsel" and "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 10. Therefore, because Mr. Hissner has failed to file a transcript of the final hearing necessary for the resolution of his assignments of error, and Mr. Hissner has not provided an alternative record under App.R. 9, we must presume the validity of the trial court's proceedings. *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314 (9th Dist.1989).

{¶10} Accordingly, Mr. Hissner's first and second assignments of error are overruled.

III.

{¶11} Mr. Hissner's first and second assignment of error are overruled. The judgment of the Summit County Domestic Relations Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JEREMY D. HISSNER, pro se, Appellant.

CORINNE HOOVER SIX and RACHEL L. SMICK, Attorneys at Law, for Appellee.