[Cite as *Souare v. Dept. of Dev. Disabilities*, 2026-Ohio-1318.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE | Case No. 2025-00966PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF DEVELOPMENTAL DISABILITIES | |
| Respondent | |

{¶1} Requester, a self-represented litigant, objects to a special master's report and recommendation in this public-records case. Respondent has not filed a timely response to requester's objections, as permitted by R.C. 2743.75(F)(2).[1] For reasons discussed below, the court overrules requester's written objections and adopts the report and recommendation, excepting the special master's recommendation to deny respondent's motion to dismiss based on mootness.

## I. Background and Procedural History

{¶2} On November 24, 2025, pursuant to R.C. 2743.75(D), requester filed a complaint alleging a denial of access to public records in violation of R.C. 149.43(B). The court's clerk appointed a special master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the special master's docket. The parties thereafter engaged in motion practice. On January 23, 2026, respondent, through counsel, moved to dismiss the case for lack of subject-matter jurisdiction; on February 5, 2026, requester filed a document that purports to be motion for a mandatory injunction; and on February 10, 2026,

---

[1] According to R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."

requester moved to supplement the record with documentary evidence from a bank account held by Fulani Services, LLC.

{¶3} On February 11, 2026, the special master issued a report and recommendation. The special master provides the following background of this case in the report and recommendation (R&R):

> On October 30, 2025, Requester Elhadj Alpha Mahmoud Souare made a public records request to the Respondent Ohio Department of Developmental Disabilities. …. The request asked for: [R]ecords showing the number of developmental disability service providers whose certifications or approvals were revoked, suspended, or terminated by DODD [Ohio Department of Developmental Disabilities] for each year from 2018 through 2025. Specifically, please include: The total number of providers terminated each year; The number identified as minority-owned or Black-owned (if available); Any internal reports, summaries, or statistics on provider demographics or equity outcomes.
> ….
> In his complaint, Requester asked this court to order "production of all requested records, statutory damages as permitted[, and] court costs." … In later filings, Requester states that he "does not seek mandamus or enforcement of public-records rights in this action" but instead "seeks monetary compensation" under "R.C. 2743.02 arising from unlawful, negligent, and reckless state action." ….

(R&R, 1-2.)

{¶4} The special master determined that (1) respondent's motion to dismiss should be denied, as moot, and, instead, addressed as a response to the complaint, (2) requester is asking for relief beyond the scope of R.C. 2743.75, and (3) requester has not complied with R.C. 149.43(C) and, consequently, requester is not entitled to public-records relief. (R&R, 2-4.) The special master recommends denying respondent's motion to dismiss based on mootness, denying R.C. 149.43(B) relief to requester, ordering requester to bear the costs of this case, and denying all other relief. (R&R, 1, 4.)

{¶5} On February 18, 2026, requester filed written objections to the report and recommendation.[2]  According to a certificate of service accompanying requester's objection, requester served a copy of the objections on respondent's counsel "by U.S. Mail and email."  The certificate of service does not specify whether a copy of the objections was served by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).[3]

{¶6} Two days after requester filed written objections—on February 20, 2026—requester filed a document labeled "Additional Section For DODD Objections," in which requester supplements his objections of February 18, 2026.[4]  Requester's filing of February 20, 2026, is not accompanied by completed proof of service that states the date and manner of service, as required by Civ.R. 5.  Requester's filing of February 20, 2026, is therefore not properly before the court under Rule 5(B)(4) of the Ohio Rules of Civil Procedure.  *See* Civ.R. 5(B)(4) ("[d]ocuments filed with the court shall not be considered until proof of service is endorsed thereon or separately filed"); *see also* R.C. 2743.03(D) (the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]"). Because requester failed to serve respondent's counsel with a copy of requester's supplemental filing, requester has deprived respondent of an opportunity to timely respond to

---

[2]     Before requester filed written objections, and after the special master issued the report and recommendation, requester moved to supplement the record with additional evidence, moved to amend the complaint, and moved for leave to file an amended complaint instanter.  On February 18, 2026, the court denied these motions filed by requester.

[3]     According to R.C. 2743.75(F)(2) either party may object to a report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested.  Under Ohio law requester, a self-represented litigant, is presumed to have knowledge of R.C. 2743.75(F)(2)'s procedural requirements.  *See State ex rel. Neil v. French,* 2018-Ohio-2692, ¶ 10 (self-represented litigants are presumed to have knowledge of the law and legal procedures and should be held to the same standard as litigants who are represented by counsel).

[4]     Requester's filing of February 20, 2026, contains this heading: "Insert This Section After Section II (Evidence Showing Actual Receipt)." Requester's filing of February 20, 2026, appears to supplement requester's objections.  *See generally State v. Schlee*, 2008-Ohio-545, ¶ 12 ("[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged").

requester's supplemental filing, thereby prejudicing respondent. This court therefore need not consider requester's supplemental filing.

{¶7} However, it is a basic tenant of Ohio law that cases are to be decided on their merits—not decided based on procedural deficiencies. *See De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982) (emphasizing that a fundamental tenet of judicial review in Ohio is that courts should decide cases on the merits); *M.C. v. S.L.*, 2014-Ohio-3338, ¶ 12 (10th Dist.), citing *Perotti v. Ferguson*, 7 Ohio St. 1, 3 (1983). Here, even without a response from respondent to requester's supplemental filing of February 20, 2026, and for reasons set forth below, requester's supplemental filing lacks merit. The court's review of requester's supplemental filing, without a response from respondent, will therefore not materially prejudice respondent.

{¶8} Requester's written objections to the special master's report and recommendation are before the court for a final order in accordance with R.C. 2743.75(F)(2).[5] Respondent has not filed a timely response to requester's objections. Neither has respondent filed timely written objections to the special master's report and recommendation, as permitted by R.C. 2743.75(F)(2).

## II. Law and Analysis

{¶9} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A).

{¶10} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records

---

[5] Pursuant to R.C. 2743.75(F)(2), this court, within seven business days after a response to the objection is filed, "shall issue a final order that adopts, modifies, or rejects the report and recommendation."

exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See also Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶11} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶12} Under R.C. 2743.75(F)(2) a party's objections to a special master's report and recommendation are required to be "specific and state with particularity all grounds for the objection." Requester maintains in the objections that the special master's report and recommendation "rests on a factual error contradicted by Respondent's own communications" and respondent's denial "raises questions about whether Respondent conducted a reasonable search for responsive records as required by R.C.149.43(B)." Requester "asks the Court to:

1. Reject the Report and Recommendation;

[2.] Find that the request was properly transmitted (Respondent acknowledged and denied it);

[3.] Address the dispute as a substantive denial under R.C. 149.43 and R.C. 2743.75;

[4.] Require Respondent to:

a. Explain its search methodology;

b. Clarify apparent inconsistencies in its denial;

c. Produce responsive records or adequately explain their absence;

1. Alternatively, dismiss without prejudice if any procedural deficiency is found."

In requester's supplemental filing of February 20, 2026, requester maintains that R.C. 149.43(C) only requires three things: (1) a transmittal of a written request, (2) a denial by a public office or person responsible for public records, and (3) commencement of a mandamus action. Requester further maintains in the supplemental filing that R.C. 149.43(C) does not require a separate "preliminary complaint" that is distinct from the request for records and that R.C. 149.43(C) does not require an additional waiting period after a denial of the public-records request.

{¶13} A review of the report and recommendation shows that the special master noted that requester filed a required affirmation with the complaint, but based on the available record, it appeared that requester failed to transmit a preliminary complaint to respondent, as required by R.C. 149.43(C)(1) (eff. April 9, 2025). (R&R, 4.) The special master has recommended dismissal of requester's complaint pursuant to R.C. 149.43(C)(2) and the special master has indicated that this recommendation was made "as a merits determination of this matter, and not as a jurisdictional issue." (R&R, 4.)

{¶14} Effective April 9, 2025, 2023 Sub.H.B. No. 265 amended R.C. 149.43(C)(1) to provide:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, *the person allegedly aggrieved*

*may serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period.* Upon the expiration of the three-day period, the person allegedly aggrieved may, subject to the requirements of division (C) (2) of this section, do only one of the following, and not both:

(a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code;

(b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(2)(C)(3) of this section. The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

(Emphasis added.)

{¶15} Effective April 9, 2025, 2023 Sub.H.B. No. 265 also amended R.C. 149.43(C)(2) to provide:

Upon filing a complaint or mandamus action with a court under divisions (C)(1)(a) or (b) of this section, a person allegedly aggrieved shall file with the court, in conjunction with the person's complaint or petition, a

written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, *and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit. If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed*.[6]

(Emphasis added.)

{¶16} Requester's contention in his supplemental filing that R.C. 149.43 does not contain a requirement for a "preliminary complaint" is not supported by R.C. 149.43(C)(1)'s language and R.C. 149.43(C)(2)'s language.

{¶17} R.C. 149.43(C)(1) provides that an allegedly aggrieved person "may" serve, pursuant to Civ.R. 4, a complaint on a form prescribed by the clerk of this court to the public office (or person responsible for public records) that is, or who is, allegedly responsible for the purported failure to provide requested records. The General Assembly's use of "may" in R.C. 149.43(C)(1), when disassociated from the remainder of R.C. 149.43(C)(1), could be construed as permissive, rather than mandatory. However, R.C. 149.43(C)(1)'s provision that a public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint and R.C. 149.43(C)(1)'s requirement that an allegedly aggrieved person "shall not file a complaint" within the three-day grace period suggests that the General Assembly intended the serving of a preliminary complaint to be mandatory, not permissive. R.C. 149.43(C)(2)'s provision requiring dismissal of a suit if a complaint was not transmitted to the public office or person responsible for public records at least three business days before the filing of a suit also supports the conclusion that the filing of a preliminary complaint is mandatory, not permissive. *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus (holding that in "statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative

---

[6]    R.C. 149.43 was later amended by 2025 Am.Sub.H.B. No. 96. A review of 2025 Am.Sub.H.B. discloses that language in R.C. 149.43(C)(1) and (2) were unaltered by 2025 Am.Sub.H.B. No. 96.

intent that they receive a construction other than their ordinary usage"); *Hauser v. City of Dayton Police Dept.*, 2014-Ohio-3636, ¶ 9 (explaining that, in construing states, a court's task is not to pick out one sentence and disassociate it from the context; rather, courts are to construe statutes as a whole and based on how one would have reasonably understood the text at the time that the statute was enacted); *Mishr v. Bd. of Zoning Appeals of Village of Poland.*, 76 Ohio St.3d 238, 240 (1996) ("[i]t is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result").

{¶18} Upon independent review, the court agrees with the special master's determination that requester failed to transmit a preliminary complaint to respondent under R.C. 149.43(C)(1), thereby failing to comply with a procedural requirement established by the General Assembly in R.C. 149.43(C)(1). Given requester's failure to comply with a procedural requirement of R.C. 149.43(C)(1), and in accordance with R.C. 149.43(C)(2), the court concludes that dismissal of this action without prejudice is appropriate. *Compare Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379, paragraph two of the syllabus ("[a] dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice"). *See State ex rel. Mason v. Supervisor of Edn., Warren Corr. Inst.*, 2025-Ohio-4803, ¶ 11 ("[a] dismissal of a case that is not on the merits must be without prejudice"); *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997), fn. 2 ("[a] dismissal with prejudice is treated as an adjudication on the merits. *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St. 3d 67, 69, 551 N.E.2d 122, 124").

{¶19} During the litigation of this case, requester represented that this case "is a damages action under R.C. 2743.02 arising from unlawful, negligent, and reckless state action that resulted in the suspension and revocation of Plaintiff's professional license without notice, hearing, or record-based justification." (Plaintiff's Revised Memorandum In Opposition to Respondent's Motion to Dismiss filed on February 2, 2026.) Requester's representation of the nature of this case as a "damages action" stemming from an alleged suspension and revocation of a professional license belies requester's contention in his objections that the special master erred by not addressing the merits of requester's public-records claim. Requester's contention that the special master erred by failing to address the merits of requester's public-records claim is unpersuasive.

{¶20} Finally, requester's application asking this court to compel respondent to explain its search methodology also is unpersuasive because, as stated by the Supreme Court of Ohio, "there is no duty under R.C. 149.43 for respondents to detail the steps taken to search for records responsive to the requests." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 26.    Based on the court's independent review of R.C. 149.43(B), the court finds no requirement in R.C. 149.43(B) that compels a public office or person responsible for public records to provide a requester with a search methodology.

### III.    Disposition

{¶21} Accordingly, for reasons set forth above, the court OVERRULES requester's objections and ADOPTS the special master's report and recommendation, excepting the recommendation to deny respondent's motion to dismiss based on mootness. Respondent's motion to dismiss filed on January 23, 2026, for lack of subject-matter jurisdiction, is DENIED.  Requester's motion for a mandatory injunction filed on February 5, 2026, and requester's motion to supplement the record filed on February 10, 2026, are DENIED.  Requester's action is DISMISSED without prejudice.  Court costs are assessed against requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed March 10, 2026**
**Sent to S.C. Reporter 4/13/26**