[Cite as *State v. Young*, 2022-Ohio-308.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                  No. 109169

    v.                             :

CORTEZ YOUNG,                           :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 2, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-627836-A
Application for Reopening
Motion No. 551973

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Blaise Thomas, Assistant Prosecuting Attorney, *for appellee.*

Cortez Young, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On January 18, 2022, the applicant, Cortez Young, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Young,* 8th Dist.

Cuyahoga No. 109619, 2020-Ohio-5429, in which this court affirmed his convictions and sentences for three counts of felonious assault, and one count each of murder, attempted murder, and improper discharge of a firearm. Young now submits that his appellate counsel should have argued the following: (1) the trial court erred in applying an unauthorized period of five years mandatory postrelease control to the unclassified felony of murder, (2) the trial court erred in failing to impose any mandatory or nonmandatory period of postrelease control in its judgment entry, and (3) the trial court's sentence is contrary to law when it imposed consecutive firearm specifications for a single act. For the following reasons, this court denies the application to reopen.

## I.   Background and Facts

{¶ 2}   When Young saw his girlfriend ("L.R.") with another man ("O.M."), he choked L.R. and pointed a firearm at O.M. and threatened to kill him. For these actions, Young in January 2018, pleaded guilty to attempted abduction and misdemeanor domestic violence and was placed on community control. The couple subsequently ended their relationship.

{¶ 3}   On April 1, 2018, Young was driving his new girlfriend's Jeep back to her residence, when he saw L.R. driving with O.M. as in the previous incident. Young pulled up on the driver's side of L.R.'s vehicle and fired several shots into the car. L.R. was shot in the stomach and the arm, but drove away. Young pursued and rammed the Jeep into the rear of L.R.'s car, causing it to spin out of control, striking

three trees and a chain link fence. O.M. was ejected from the car and died 16 hours later from the blunt impact from being thrown out of the car. Young fled the scene.

{¶ 4} At trial, Young testified that he thought he saw a muzzle flash and heard a gunshot, and thus, he returned fire in self-defense. He explained the damage to the Jeep because in the confusion, the car struck a tree.

{¶ 5} A jury convicted him of murder of O.M., two counts of felonious assault against O.M., attempted murder of L.R., two counts of felonious assault against L.R., and one count of discharge of a firearm on or near prohibited premises. Most of the charges included one-, three-, and five-year firearm specifications. After merging offenses, the trial judge sentenced the then 47-year-old Young to a total of 11 years on the firearm specifications, to 15 years to life for murder, to 10 years for attempted murder and to 3 years for the improper discharge of the firearm, all consecutive, for a total sentence of 39 years to life. The sentencing entry included: "Postrelease control is part of this prison sentence for the above felony(s) under R.C. 2967.28." Journal entry No. 110734553, p.2 (Oct. 15, 2019).

{¶ 6} Young's appellate counsel argued that (1) the convictions were not supported by sufficient evidence given the burden of proof regarding self-defense, (2) the convictions were against the manifest weight of the evidence, (3) introduction of the January 2018 convictions was improper under Evid.R. 404(B), (4) the prosecution did not disclose some discovery until the morning of the trial, (5) cumulative error required reversal, and (6) consecutive sentences were not supported by the record. Young now argues that this appellate counsel was

ineffective for not arguing improper imposition of postrelease control and improper consecutive sentences for firearm specifications.

## II. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 7} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The January 18, 2022 application was filed more than 400 days after this court's November 25, 2020 decision. Thus, the application is untimely on its face.

{¶ 8} In an effort to show good cause Young argues that he asked his appellate attorney to send him a copy of his transcript, but the attorney delayed five months before sending it. The transcript did not arrive until April 27, 2021. Young pleads that if he had received the transcript in a timely fashion, "there's no doubt the Appellant would have filed a timely 26(B) application in this Court." Young's application, p. 3-4. Thus, he is arguing that reliance on counsel and lack of a transcript provided good cause.

{¶ 9} However, this argument is not well founded. This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In *State v. Towns*, 8th Dist. Cuyahoga No. 71244, 1997 Ohio App. LEXIS 4709 (Oct. 23, 1997), *reopening disallowed*, 2000 Ohio App. LEXIS 2030 (May 4, 2000), the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents

concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." *State v. Towns*, 8th Dist. Cuyahoga No. 71244, 2000 Ohio App. LEXIS 2030 at 3. *State v. Chandler*, 8th Dist. Cuyahoga No. 59764, 1992 Ohio App. LEXIS 975 (Mar. 5, 1992), *reopening disallowed*, 2001 Ohio App. LEXIS 3624 (Aug. 13, 2001) — counsel's delay in sending applicant the transcript was not good cause. *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2005-Ohio-880, *reopening disallowed*, 2006-Ohio-3839. *State v. Nagy,* 8th Dist. Cuyahoga No. 105935, 2018-Ohio-1513, *reopening disallowed*, 2019-Ohio-2319.

{¶ 10} Moreover, the Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, lack of imagination, and ignorance of the

law do not establish good cause for failure to seek timely relief under App.R. 26(B).

Thus, Young's attorney's delay in sending the transcript does not state good cause.

{¶ 11} Accordingly, the court denies the application to reopen.

---

ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR