[Cite as *State v. Young*, 2022-Ohio-2777.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111177 |
| v. | : | |
| CORTEZ YOUNG, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 11, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627836-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Sarah E. Hutnik, Assistant Prosecuting
Attorney, *for appellee*.

Cortez Young, *pro se*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Cortez Young appeals the trial court's denial of
his petition for postconviction relief. Young's petition was untimely and did not

explain the delay in filing. Because the trial court had no jurisdiction to entertain Young's untimely petition for postconviction relief, we affirm the judgment.

{¶ 2} Young was convicted of murder and two counts of felonious assault as to one victim, attempted murder and two counts of felonious assault as to another victim, and discharge of a firearm on or near prohibited premises. He was sentenced to an aggregate term of imprisonment of life, with a possibility of parole after serving 39 years. In the direct appeal of his convictions, the transcript of proceedings was filed on December 16, 2019. We affirmed Young's convictions. *State v. Young*, 8th Dist. Cuyahoga No. 109619, 2020-Ohio-5429, *application for reopening denied*, 8th Dist. Cuyahoga No. 109169, 2022-Ohio-308.

{¶ 3} On April 20, 2021, Young filed a motion for postconviction relief pursuant to R.C. 2953.21(A) alleging that he suffered ineffective assistance counsel. On May 20, 2021, Young filed notarized statements from individuals describing the proceedings during trial and sentencing in support of his motion. Within these filings, Young made no argument that he was unavoidably prevented from discovering the facts within the statements.

{¶ 4} On November 30, 2021, the trial court issued two journal entries. The first denied Young's "motion for post-conviction relief under R.C. 2953.21(A) ineffective assistance of counsel." The second denied Young's motion, finding the motion was untimely filed. Young appeals these journal entries and asserts six

assignments of error.[1]  We first address Young's sixth assignment of error, in which he argues that the trial court erred by dismissing his petition as being untimely filed.

{¶ 5}  A petition for postconviction relief may be filed upon a claim that a person convicted of a criminal offense suffered the "denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."  R.C. 2953.21(A)(1)(a)(i). Such petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."  R.C. 2953.21(A)(2).

{¶ 6}  Pursuant to R.C. 2953.23(A)(1)(a), the trial court may not hear a petition for postconviction relief filed beyond the one-year time limit unless "petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." Additionally, the petitioner must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty."  R.C. 2953.23(A)(1)(b).  We review de novo a trial court's denial of a postconviction petition.  *State v. Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

---

[1] The text of Young's assignments of error are contained within the appendix to this opinion.

{¶ 7} The transcript in Young's direct appeal was filed on December 16, 2019. He filed his motion for postconviction relief pursuant to R.C. 2953.21 on April 20, 2021, approximately four months after the 365-day limitations period elapsed. Further, within his motion and filing in support, Young made no argument that he was unavoidably prevented from discovery of the facts he relied on within his petition. Because Young failed to timely file his petition and where he did not argue that he was unavoidably prevented from discovering any facts upon which his claims relied, he failed to satisfy the conditions that would allow the trial court to consider his petition. R.C. 2953.21(A)(1)(a)(i). The trial court did not err by denying his motion because it did not have jurisdiction to consider it. *State v. Williams,* 8th Dist. Cuyahoga No. 101806, 2015-Ohio-881, ¶ 12.

{¶ 8} Despite the untimely filing, Young argues that we should consider the motion as timely filed because the trial court's docket does not reflect the date the transcript was filed, he never personally received notice of the transcript filing date, and the trial court docket contained an entry directing the court reporter to file the transcript and authorizing payment to the court reporter after the transcript was filed. We note Young filed his petition for postconviction relief pro se. By proceeding pro se, Young is held to the same standards as an attorney, must follow the same procedures as if represented by counsel, and is presumed to have knowledge of law and legal procedure. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. As such, his stated reasons do not excuse the untimely filing.

**{¶ 9}** Young's sixth assignment of error is overruled. Our resolution of this assignment of error renders moot Young's first through fifth assignments of error.

**{¶ 10}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

# APPENDIX

Assignment of error No. I: Appellate counsel on direct appeal was ineffective for his failure to raise sentencing error that the trial court's merger and sentencing on Count Nine was contrary to law and appellant's sentence on Count Two was also contrary to law because there is no sentencing statues for a trial court to impose a sentence of life in prison without the possibility of parole until after he serves a sentence of thirty-nine years.

Assignment of error No. II: Improperly sentencing Mr. Young violated his due process rights by subjecting him to duplicative punishment with respect to: firearms specifications that should have been merged as part of the same transaction or occurrence: allied offenses of similar import, namely attempted murder firearm-specifications by combining the three and five years firearm specifications for discharging a firearm on or near prohibited premises with other firearm specifications.

Assignment of error No. III: The trial court's sentence is contrary to law when it imposed consecutive firearm specification for a single act.

Assignment of error No. IV: Appellant received ineffective assistance of appellant counsel for counsel's failure to raise on assignment/direct appeal that postrelease control cannot be applied to an unclassified felony murder conviction, in violation of the 6th Amendment to the United States Constitution.

Assignment of error No. V: The trial court's sentence is contrary to law when it imposed consecutive firearm specification for a single act.

Assignment of error No. VI: The trial court erred when it dismissed post-conviction relief petition as being untimely.